JAMES HARLEY, Appellant, *v.* HUMPHREY L. PLANT et al., Respondents.

Lien Law — undertaking for discharge of lien — action to foreclose lien — when sureties on undertaking proper parties therein — liability of sureties under judgment of foreclosure — pleading — when denial of knowledge or information of allegations of complaint insufficient — remedy therefor.

1. Under the provisions of the Lien Law (Cons. Laws, ch. 33, § 21, subd. 5) a contractor substituted the undertaking authorized thereby for the lien against the money which was payable to him by the city of New York under his contract. The undertaking was conditioned " for the payment of any judgment which may be recovered in an action to enforce the lien." In such an action under the Lien Law (Cons. Laws, ch. 33, §§ 42, 43, 44) the judgment held the lien was good, valid and enforceable against the money so payable to him by the city. In this action, which is brought to recover upon the undertaking, *held*, that although the sureties were proper, they were not necessary parties to the foreclosure, and that the judgment establishing that the lien when discharged by the undertaking was valid and enforceable in a fixed amount is conclusive as an adjudication in an action against them upon the undertaking.

2. While a denial of knowledge or information of the allegations of a complaint as to matters of public record, open by law to everybody, is presumptively false or frivolous, a defendant should have an opportunity of disclosing to the court the circumstances and conditions, if existing, which give his answer of such a nature validity. A motion to strike out the answer, under section 538 of the Code of Civil Procedure, is the proper method of testing an alleged defect of that description rather than a motion for judgment on the pleadings under section 547. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127, followed; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449, distinguished.)

*Harley* v. *Plant*, 149 App. Div. 719, modified.

(Argued January 12, 1914; decided March 3, 1914.)

APPEAL from a judgment, entered March 23, 1912, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of plaintiff entered upon an order of Special Term granting plaintiff's motion for judgment on the pleadings and directed judgment in favor of defendants.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Titcomb* for appellant. The sureties were unnecessary parties to the action brought to determine the validity of the lien and the amount due. (*Ringle* v. *Matthieson,* 10 App. Div. 274; *Miller* v. *McKeon,* 15 App. Div. 133; *Pierce* v. *Wilson,* 118 App. Div. 662; *Mertz* v. *Press,* 99 App. Div. 443; *Sullivan* v. *Goodwin,* 30 App. Div. 194; *McDonald* v. *Mayor, etc.,* 42 Misc. Rep. 131.) The complaint alleges a good cause of action against the defendant sureties. (*Hawkins* v. *M. R. Construction Co.,* 178 N. Y. 241; *Menelly* v. *City of New York,* 119 App. Div. 393.)

*James Troy* and *Thomas H. Troy* for Humphrey L. Plant, respondent. The complaint does not state facts sufficient to constitute a cause of action. (*Sheridan* v. *Jackson,* 72 N. Y. 170; Code Civ. Pro. § 3412.) If the allegations in the answer of the defendant Plant are true, the plaintiff, irrespective of the foregoing objection, would not be entitled to judgment, and under section 557 of the Code of Civil Procedure a motion for judgment must be determined "solely on the pleadings, and they cannot in any way be otherwise aided." (*Ship* v. *Fridenberg,* 132 App. Div. 782.) As the motion is in the nature of a demurrer to the pleadings of the defendant or plaintiff, as the case may be, the court must assume on such motion that the allegations in the pleadings attacked are true. (*De Wolff* v. *Wood,* 195 N. Y. 397; *Schleissner* v. *Goldsticker,* 135 App. Div. 435; *Catterson* v. *B. H. R. R. Co.,* 132 App. Div. 399; *Flynn* v. *Tuttle Co.,* 132 App. Div. 859; *Mathews* v. *McCarthy,* 195 N. Y. 40.)

*Charles L. Livingston* and *Frank S. Angell* for William Gleichmann, respondent. The recitals pleaded by the plaintiff from the personal judgment against the contractor are not binding on the surety. The sureties are not in privity with the contractor. (2 Brandt on

Suretyship [3d ed.], 1389, § 802; *Loewer's G. B. Co.* v. *Lithauer,* 43 Misc. Rep. 683; *Barry* v. *Schaad,* 50 App. Div. 132; *People ex rel. Tuthill* v. *Russell,* 25 Hun, 524; *Aeschlimann* v. *Presbyterian Hospital,* 165 N. Y. 296.) The pleadings show no lien has ever been foreclosed. Personal judgment obtained by a sub-contractor against the contractor for a public improvement· is not sufficient to hold the bondsmen. (*Mathes* v. *McCarthy,* 195 N. Y. 40; *Milliken Bros.* v. *City of New York,* 201 N. Y. 65; *Hawkins* v. *M. R. Construction Co.,* 82 App. Div. 72; *Casey* v. *Conners Co.,* 53 Misc. Rep. 101; *McDonald* v. *Mayor, etc.,* 42 Misc. Rep. 131.)

COLLIN, J.   The action is to recover upon an undertaking executed by the defendants, as sureties, under the provisions of section 21 of the Lien Law (Cons. Laws, ch. 33), to discharge a mechanic's lien filed by the plaintiff with the comptroller of the city of New York against funds payable to one Peter Guthy under his contract with the city for the construction of a public improvement.

Inasmuch as the appellant asserts that the Appellate Division erroneously ordered judgment for the defendants upon the pleadings, the primary question is, does the complaint state facts sufficient to constitute a cause of action. We decide that it does.

Section 21 provides several methods of discharging the lien.   That invoked by the contractor Guthy was the substitution of the undertaking, as permitted by subdivision 5 of the section, for the lien against the money payable to him from the municipality.   The statute requires that the undertaking be and it was " conditioned for the payment of any judgment which may be recovered in an action to enforce the lien."

The complaint alleges in effect these facts: The creation of the lien, the proceeding whereby it was discharged by the filing of the undertaking subsequent to the commencement of an action to foreclose the lien, the

rendition and entering of a final judgment in such action, which ordered, adjudged and decreed that the lien was at its filing " and continued to.be until its said bonding and cancellation and would now be, except for such bonding and cancellation a good and valid lien * * * and that the plaintiff became and was entitled to enforce said lien against the moneys in the hands of the City of New York applicable to said public improvement until its said bonding and discharge, and would now be so entitled, except for such bonding and discharge, that the defendant, the City of New York, is, and has been since the aforesaid bonding and discharge of said lien an unnecessary party to this action, and this action is discontinued against it, and that the plaintiff have personal judgment against the defendant, Peter Guthy, for the sums due, as aforesaid," and the issuance of an execution upon and the complete non-payment of such personal judgment. The defendants here were not parties to that action to foreclose the lien.

The alleged deficiencies in the complaint are (1) the judgment in the action to foreclose the lien did not, in form, adjudge, but merely recited the validity of the lien and was merely a personal judgment against Guthy, and (2) such judgment was invalid and effectless as establishing the validity of the lien because these defendants were not parties to it. The first deficiency alleged does not exist. The judgment, in form, is that the lien was good, valid and enforceable against the moneys payable by the city to Guthy. It is an adjudication of that fact. Its clear and express language forbids discussion as to that. We turn now to the second alleged deficiency. The plaintiff cannot maintain this action unless the complaint alleges and the allegation is supported by admission or proof that the lien had been established in a fixed amount by the judgment in the action to enforce it. (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24; *Schillinger F. P. Cement & A. Co.* v.

*Arnott*, 152 N. Y. 584.) Section 42 of the Lien Law author-
izes the enforcement of the lien against the contractor liable
for the debt and the funds of the municipal corporation
by an action in the same court and in the same manner
as a mechanic's lien on real property. Section 44 declares
the necessary parties defendant in the action and section
43 makes applicable to the action the provisions of the
Code of Civil Procedure relating to actions for the fore-
closure of a mortgage upon real property, except as other-
wise provided in the article of the Lien Law containing
the sections already mentioned. For obvious reasons and
by virtue of the statutory provisions, the contractor Guthy
and the city of New York were necessary parties to the
action to foreclose the lien. (Lien Law [Cons. Laws, ch.
33], sect. 44; *Hawkins* v. *Mapes-Reeve Const. Co.*, 178
N. Y. 236.) The contents of the judgment reveal that they
were parties, and the provision of the judgment discon-
tinuing the action as to the city of New York, although
erroneous, did not affect the establishment of the lien by the
judgment. The defendants here, the sureties in the under-
taking by virtue of which the lien was discharged, were
not under any statutory provision or because of their
interest in the subject of the action necessary parties to
the action to foreclose the lien. They were proper parties,
but the plaintiff had the right to refrain from applying to
the court, as he might have done, for an order bring-
ing them into the action as parties. (*Morton* v. *Tucker*,
145 N. Y. 244; *Ringle* v. *Matthiessen*, 10 App. Div. 274;
affd., 158 N. Y. 740.) Probably either of the defendants
in that action might have applied for such an order.
(*Hilton Bridge Const. Co.* v. *N. Y. C. & H. R. R. R.
Co.*, 145 N. Y. 390.) The sureties, the defendants here,
had an interest in the subject of the foreclosure action
(*Aeschlimann* v. *Presbyterian Hospital*, 165 N. Y. 296)
and might have applied for that order (Code Civ. Pro.
sec. 452; *People* v. *Albany & Vt. R. R. Co.*, 77 N. Y. 232;
*Rosenberg* v. *Salomon*, 144 N. Y. 92; *Chapman* v. *Forbes*,

123 N. Y. 532; *White's Bank of Buffalo* v. *Farthing*, 101 N. Y. 344; *Bauer* v. *Dewey*, 166 N. Y. 402; *Gittleman* v. *Feltman*, 191 N. Y. 205), which the court undoubtedly would have granted. (*Johnston* v. *Donvan*, 106 N. Y. 269.) The lienor may, however, have and prosecute his action to enforce or establish the lien, whether the undertaking discharging it be filed before or after the action is commenced, making the necessary parties only defendants, and the judgment therein establishing that the lien when discharged by the undertaking was valid and enforceable in a fixed amount is conclusive as an adjudication in an action upon the undertaking against the sureties although they were not parties to the former action. The undertaking does not change the relation or rights of the parties otherwise than in substituting its obligations for the fund subject to the lien, and it was not within the legislative purpose in permitting the substitution to deteriorate the lienor's rights. The condition of the undertaking must be construed to be that the obligors will pay any judgment which may be recovered in an action to enforce the lien, prosecuted in accordance with the sections of the Lien Law relating to it, under which the sureties in the substituted undertaking are not necessary parties to the action. The lienor may, however, in a single action to which the sureties in the undertaking, as well as the other proper and the necessary parties are defendants, have determined the rights, equities and liabilities of all the parties and have awarded the final judgment. (*Morton* v. *Tucker*, 145 N. Y. 244.) The Appellate Division erred in directing judgment for the defendants.

The Special Term should not have granted the motion of plaintiff for judgment upon the pleadings. The answer of the defendant Plant denies that the action to foreclose the lien was commenced against the city of New York and avers, as a defense, that such action was brought and prosecuted to judgment against Guthy alone and the court did not acquire in it jurisdiction

of the city of New York. Such allegations entitle
the defendant Plant to introduce upon the trial proof
that the city of New York, although a necessary
party defendant, in fact was not a defendant. The
defendant Gleichmann by his answer denies any knowl-
edge or information of the allegations of the complaint
or any thereof, except those concerning the execution of
the undertaking, and avers other answers and defenses
which it is unnecessary to set forth explicitly, because
under the denial above mentioned judgment for the plain-
tiff should not have been ordered under section 547 of the
Code of Civil Procedure. The appellant asserts that the
denial is nugatory because it is of knowledge or informa-
tion of matters of public record sufficient to form a belief.
This form of denial is expressly authorized by section 500
of the Code of Civil Procedure. A rule that a defendant
cannot, under any circumstances, effectively deny by
his answer, knowledge or information of facts presump-
tively provable by a public record sufficient to form a
belief would be dangerous and unjust. Public records
not infrequently are misplaced or lost, are sometimes
abstracted from their proper depositories or destroyed by
fire or other causes. In such or analogous cases proof of
the facts alleged should not be dispensed with arbitra-
rily through the impossibility of denying them. It may
safely be held, as it was in *Kirschbaum* v. *Eschmann* (205
N. Y. 127) that denials in such form of allegations which
relate to matters of public records, open by law to every-
body, are presumptively false or frivolous. A defendant
should, however, have an opportunity, forbidden him
upon a motion made under section 547 of the Code of Civil
Procedure, of disclosing to the court the circumstances
and conditions, if existing, which give his answer of
such a nature validity. (*Kirschbaum* v. *Eschmann*,
205 N. Y. 127.) Section 537 of the Code provides
that a party prejudiced by a frivolous pleading may
upon a notice of not less than five days to the

adverse party apply for judgment thereupon and judgment may be given accordingly, and section 538 provides that a sham answer or defense may be stricken out by the court, upon motion, and upon such terms as the court deems just. A motion made under section 538 would enable the party moved against to prove, if possible, that the pleading or the answer or defense, presumptively false, was in fact valid, and is the proper method of testing an alleged defect of that description. There may be cases in which the denials or defenses in an answer or reply are incredible as a matter of law as in *Dahlstrom* v. *Gemunder* (198 N. Y. 449), in which the party denied knowledge or information concerning acts of importance done or participated in by himself two years prior. This is not such a case. The reversal of the judgment of the Special Term was, therefore, right.

The judgment appealed from should be modified by striking therefrom the part granting judgment in favor of each of the defendants, and as so modified affirmed, without costs to either party.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, CUDDEBACK and MILLER, JJ., concur.

Judgment accordingly.