McNEIL LUMBER CO., Inc., v. CHASE et al.

(Supreme Court, Special Term, Erie County.    July, 1915.)

PLEADING ⊙⟶359—ANSWER—SUFFICIENCY UNDER CODE.

Code Civ. Proc. § 500, requires an answer to contain a general or specific denial of each material allegation of the complaint controverted, or of any knowledge or information thereof sufficient to form a belief. A paragraph of the complaint alleged that on or about February 19, 1911, a renewal note dated December 19, 1910, for $875, made by defendant to the order of, and indorsed by, the plaintiff and then held under discount by a bank, became due; that defendant did not pay it, but gave a new note bearing date on that day for $800, payable at three months, to the order of plaintiff, in part renewal thereof; that the plaintiff indorsed such renewal note to a bank, and paid the bank $75 on the then due note and

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

$12.27 on the renewal note; that defendant had not paid the plaintiff any part of the amount paid to the bank. *Held*, that defendant's denial of any knowledge or information sufficient to form a belief as to whether the note was due February 19, 1911, as to whether he paid the note or gave a new note in renewal, and as to whether he paid any sum to plaintiff on the note, was sham, and would be stricken out, but that his denial of knowledge or information sufficient to form a belief as to whether plaintiff had indorsed the new note to the bank and paid a sum on the old note and discount on the renewal note was not sham, and would not be stricken, and that, as to a defendant having no personal connection with the acts alleged in the complaint, denials of any knowledge or information sufficient to form a belief as to the truth thereof were proper.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. &xrarr;359.]

Action by the McNeil Lumber Company, Incorporated, against James W. Chase and others. On motion by plaintiff to strike out a paragraph of the answer of the defendants James W. Chase and Ida L. Chase as sham. Answers directed to be amended.

Thomas C. Burke, of Buffalo, for the motion.
Clark H. Timerman, of Buffalo, opposed.

BROWN, J. Paragraph 6 of the complaint alleges:

"That thereafter, and on or about the 19th day of February, 1911, one of said renewal notes, dated December 19, 1910, for $875, made by said James W. Chase to the order of, and indorsed by, said McNeil Lumber Company, and then held under discount by the Bank of Buffalo, became due; that said defendant James W. Chase did not pay said note, or any part thereof, but gave a new note bearing date on that day, for $800, payable at three months to the order of said McNeil Lumber Company, in part renewal thereof; that the said McNeil Lumber Company indorsed the said part renewal note, and delivered the same so indorsed to the Bank of Buffalo, and at the same time paid to the said Bank of Buffalo $75 on the then due note and $12.27 discount on said renewal note; that said defendant James W. Chase has never paid to said McNeil Lumber Company said sum of $87.27 so paid by them to the Bank of Buffalo, or any part thereof."

It is very apparent that the defendant James W. Chase knows whether the note made by him on December 19, 1910, became due February 19, 1911. If it did become due on that date, the defendant James W. Chase cannot deny it; if it did not become due on that date, he may deny it. He cannot say that he has no knowledge or information sufficient to form a belief as to whether the note became due on that date. His denial of such knowledge or information is sham and must be stricken out.

It is also apparent that the defendant James W. Chase knows whether he paid that note on the day of its maturity, and whether he gave a new note on its maturity for $800, payable in three months, to the order of the McNeil Lumber Company, in part renewal thereof. If he did not pay the note, and did renew the same by giving a new note as alleged, he cannot deny it; if he did not so do, he may deny it. He cannot say that he has no knowledge or information sufficient to form a belief as to whether he paid the note, or gave a new note in renewal.

His denial of such knowledge or information is sham and must be stricken out.

It is also apparent that the defendant James W. Chase knows whether he has paid the sum of $87.27 to the Lumber Company on the said note. If he has made such payment, he cannot deny it; if he has not made such payment, he may deny it. He cannot say that he has no knowledge or information sufficient to form a belief as to whether he made such payment, and his denial of such knowledge or information is sham and must be stricken out.

It is also apparent that the defendant James W. Chase need not necessarily know that the Lumber Company indorsed the said note to the Bank of Buffalo, paying $87.27 on the old note and discount on such renewal note. It is not alleged that he personally performed those acts, or had any connection with them; and it might well be that he has no knowledge or information sufficient to form a belief as to the truth of the allegations concerning them. His denial of such knowledge or information is therefore not sham, and the motion to strike it out must be denied.

The foregoing observations apply to paragraphs 7 to 25, inclusive.

The motion must be granted as to the denial by the defendant James W. Chase of plaintiff's allegations of personal acts of said defendant. As to the acts not alleged to have been performed by the defendant James W. Chase, or to have been within his personal knowledge, the motion must be denied. Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328; Harley v. Plant, 210 N. Y. 405, 104 N. E. 946.

For the reason that it does not appear that the defendant Ida C. Chase had any personal connection with the acts alleged in paragraph 6 of the complaint, her denial of any knowledge or information sufficient to form a belief as to the truth of those allegations is one of the denials permitted, and the motion as to her answer must be denied.

In view of the arrangement of the allegations of the complaint, the grouping of the allegations, the defendants are required to specifically deny or admit each allegation of fact, as required by section 500 of the Code of Civil Procedure, and the answers of the defendants must be amended.