CHURCHWARD INTERNATIONAL STEEL CO. v. BETHLEHEM STEEL CO.

(District Court, E. D. Pennsylvania.  May 22, 1916.)

No. 1491.

On Motion to Produce.

1. DISCOVERY ⊙�net⟩8—RIGHT TO.
     Generally speaking, neither party is compelled to have his proofs submitted for inspection in advance of the trial, though they are proved by oral testimony or written documents.

     [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 8, 9;  Dec. Dig. ⊙⟩8.]

On Motion to Strike Out Affirmative Defenses.

2. EQUITY ⊙⟩264—PRACTICE—MOTION TO STRIKE.
     Equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii) forbids exceptions to an answer for insufficiency, but rules 29 and 30 (198 Fed. xxvi, 115 C. C. A. xxvi),·authorize motions to dismiss bills for insufficiency and permit defendants by answer to make any counter complaints against complainant which might be the subject of a bill relieving them of the necessity of resorting to a cross-bill.  In a suit to prevent infringement of letters patent, defendant answered denying complainant's right because of its assignment of the letters patent.  Held, that such answer set up a defense by way of confession and avoidance, and .therefore, though a motion to strike might be applicable where the answer sets up an affirmative defense, such motion is inapplicable.

     [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 536–540;  Dec. Dig. ⊙⟩264.]

3. EQUITY ⊙⟩264—PRACTICE—TRIAL QUESTIONS.
     In a suit to prevent infringement of letters patent, the question whether complainant by release to a third party had deprived itself of the right to sue, is a trial question, which cannot be adjudicated on motion to strike.

     [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 536–540;  Dec. Dig. ⊙⟩264.]

In Equity.  Bill by the Churchward International Steel Company against the Bethlehem Steel Company.  Sur motions to produce documents and to strike out affirmative defenses of answer.  Both motions denied.

Gill & Linn, of Philadelphia, Pa., and Duell, Warfield & Duell, of New York City, for plaintiff.

Clarence D. Kerr and Fish, Richardson, Herrick & Neave, all of New York City, and Fraley & Paul, of Philadelphia, Pa., for defendant.

Sur Motion to Produce.

DICKINSON, District Judge.  [1] It would not infrequently be of great convenience, and often of great advantage, to a defendant to have the plaintiff's proofs submitted for inspection in advance of

trial. A plaintiff might be required to so submit them. Even-handed justice would, however, demand that the defense be, in like manner, required to show its hand. The principle would follow the anticipated course of the trial through all its stages, rebuttal and surrebuttal. Whatever merits such a practice might in its broad statement present, it is clear the securement of these promised advantages would be impracticable. When a fact is pleaded, there is in this aspect no distinction between proofs which are presented through oral testimony and written evidence. The production of any paper writing which a party desires to offer in evidence may, generally speaking, be compelled. Again, generally speaking, neither party is required to submit its evidence in advance of trial. There may be exceptions to each of these rules. It has not been shown that this motion rests upon any such exception, and it is dismissed.

### Sur Motion to Strike Out Affirmative Defenses of Answer.

This motion is based upon the exception in rule 33 abolishing exceptions to answers for insufficiency. The main purpose of the bill is to invoke protection against infringement by the defendant of its averred proprietary rights under certain patents. As part of the recital of title it avers in paragraph 6 an assignment to the Carnegie Steel Company of certain limited rights to manufacture under the claimed patents, but reserving all its rights against all infringers up to June 23, 1914. It avers in paragraph 8 infringement by the defendant before and up to the date mentioned and infringement of those of its rights not so assigned since that date. The defendant by paragraph 15 of its answer sets up a denial of any right in the plaintiff because of the averred fact that it had by the assignment referred to parted with all its rights in the patents. By paragraph 16 of the answer it is averred that the plaintiff had granted the full right to the Carnegie Steel Company and its vendees under said agreement to vend the material covered by the product claims of said patents and that what the defendant has sold was what it had bought under the right thus given to the Carnegie Steel Company to sell.

[2] The general question of the right of plaintiff to have these facts of the answer stricken out divides itself into several subsidiary questions.

(1) Is plaintiff within rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii)? Exceptions to an answer for insufficiency are by that rule forbidden. Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) permits motions to dismiss bills "for insufficiency," and rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) permits defendants by answer to make any counter complaints against plaintiffs which might be made the subject of a bill and relieves them of the necessity of resorting to a cross-bill. It might, in consequence, be that a defendant would ask in his answer for the allowance of affirmative relief against a plaintiff. As a further consequence the defendant should, so far as his answer was affirmative of any cause of complaint he had against the defendant by way of

counterclaim or otherwise, be subject to the same attack upon the affirmative features of his answer to which the complaint was subject. If such be the meaning of "affirmative defense," plaintiff is not within rule 33, because no affirmative defense in this sense is set up by the answer. It is nothing more than a denial of plaintiff's right by a plea in confession and avoidance.

[3] (2) It may be said that it is not entirely clear that defendant cannot avail himself of the legal effect of the contract brought into the case as part of plaintiff's title. Defendant may be within the exceptions to the principle invoked by plaintiff. If the legal effect of a release executed by a plaintiff to a third party is to release the defendant of the claim made against him, it may in a proper case be pleaded in an action at law and certainly a defendant in equity may avail himself of a like defense. Moreover, such a defense may go directly to the cause of action. The vendor of property, who had divested himself of all rights therein, might readily be found without the right to maintain an action affecting that property. Whether defendant is within or without the principle invoked can best be determined as a trial question, and, it may be, can only be so determined.

(3) There is also involved the practice question of the propriety of piecemeal rulings in causes, and perhaps a like piecemeal appellate relief. The courts have always and properly frowned upon this. If a defense attempted to be set up by answer were struck out, this might be deemed so far a final decree as to give a right of appeal. Nothing could be ruled on such an appeal, which could not at least as well, and perhaps with more, satisfaction be ruled as a trial question entering into the entry of the decree disposing so far as the trial court is concerned of the whole case on final decree.

The disposition made of the present motion is to hold it to be ruled as a trial question, and until then the motion is denied.