## In re FOSGATE et al.

### (District Court, S. D. Florida.  July, 1920.)

1. **Bankruptcy ⊂⊃22—Equity rules govern, in the absence of statute.**

   In a bankruptcy case, the proceedings are governed by the equity rules, except where prescribed by the statute.

2. **Courts ⊂⊃347—Statement of want of knowledge equivalent to denial, under equity rules.**

   Under equity rule 30 (201 Fed. v, 118 C. C. A. v), providing that a statement that defendant is without knowledge shall operate as a denial, an answer by receivers in bankruptcy that they have no knowledge of the facts alleged in the petition for the recovery of property sold to the bankrupt under a claimed contract retaining title, and demanding strict proof, raises issues on those matters under rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii), providing that the case shall be at issue on the filing of the answer, unless a set-off or counterclaim is set up.

3. **Bankruptcy ⊂⊃114(1)—Bankrupt's knowledge of contract not attributed to receivers.**

   Ancillary receivers in bankruptcy are officers of the court, not successors in title to the bankrupt, and are therefore not charged with the bankrupt's knowledge of the contract under which he obtained title to the property, possession of which the receivers acquired from the bankrupt, though they may be charged with knowledge of the identity of the property with that claimed, if it was sufficiently described, so that its identity could be determined from inspection.

In Bankruptcy.  In the matter of the estate of Leo E. Fosgate and others, bankrupts.  On motion to strike the answer of the ancillary receivers to the petition of Mach Bros. to recover possession of an automobile truck.  Motion to strike denied.

Johnson & Garrett, of Kissimmee, Fla., for petitioners.

Knight & Adair, of Jacksonville, Fla., for ancillary receivers.

CALL, District Judge.  This cause comes on for a hearing on a motion to strike the answer of the ancillary receivers to the petition of Mach Bros. seeking to have an automobile truck, in the possession of the receivers, delivered to them, claiming that said truck was sold to one of the bankrupts under a retained title contract; the condition for payments having been broken, entitling them to possession.

This petition was filed November 13, 1919.  On November 22 a motion was made to strike from the files said petition, which motion was on April 14, 1920, denied, and the receivers given 10 days to show cause why the petition should not be granted.  Pursuant to this order the receivers on April 23 filed their answer, admitting receipt of a truck from one of the bankrupts, whose name purports to be signed to the sale contract set up in the petition, and the continued possession of the same.  It sets up on information and belief that this is the truck referred to in the petition, but they are without knowledge, and pray strict proof; that they have no knowledge of the terms and conditions of the purchase, no knowledge as to whether there was a written agreement, and no knowledge as to whether the agreement set out in the petition was executed by the bankrupt it purports to be

signed by; and prays strict proof of these matters. Thereupon on April 28 petitioners moved to strike said answer.

[1] The petitioners contend that the answer should be stricken, because the allegations of the petition showing their right to possession of the truck are not sufficiently denied to deprive them of such possession. This being a bankruptcy case, the proceedings, except where prescribed by the statute, are governed by the equity rules. Rule 30 (201 Fed. v, 118 C. C. A. v) is as follows:

"The defendant in his answer shall in short and simple terms set out his defense, * * * but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial."

Rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii) provides for the case being at issue, unless a set-off or counterclaim is set up, upon the filing of the answer.

Rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii) is as follows:

"Exceptions for insufficiency of an answer are abolished. But if an answer set up an affirmative defense, set-off or counterclaim, the plaintiff may, upon five days' notice, * * * test the sufficiency of the same by motion to strike out."

It is contended by receivers' counsel that the motion to strike cannot be made in the instant case; there being no affirmative defense, set-off, or counterclaim propounded in the answer. They also contend that under rule 30 the answer denies the allegations of the petition, and therefore the petitioners are put to their proofs.

[2] If effect is to be given to rule 30, it seems to me the answer denies the allegations of the terms and conditions of the purchase, the existence of the written contract, and the execution of the contract by the bankrupt named, and, under rule 31, issue on these points was made, and must be supported by testimony by the petitioners.

[3] It is contended on the part of the petitioners, in effect, that these receivers are the successors in title to the bankrupt, acquiring possession of the truck, and therefore they cannot allege a want of knowledge of the mode of such acquiring; but this I do not think is tenable in this case. The receivers are officers of the court, appointed to conserve the property, and are not successors in title to the bankrupts, nor charged with notice of how or by what means such possession or title was acquired. The principle contended for may apply to the identity of the truck as it is described by number, etc., and being in the possession of the receivers an examination would disclose its identity.

I have passed over the first contention of the receivers, because, even if the motion to strike could be made to perform the function of an exception for insufficiency, under the old practice the motion would still have to be denied.

The motion to strike the answer will therefore be denied.