ATLANTIC REFINING CO. v. PORT LOBOS PETROLEUM CORPORATION
et al.

(District Court, D. Delaware. October 16, 1922.)

No. 433.

1. **Courts** ⬅➡347—Motion to strike out answer denied, where it contains denials.
A motion, under equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii), to strike out an answer, directed to the answer as a whole, and not to specific portions, will be denied, where the answer contains, not only affirmative defenses but also express and direct denials of crucial allegations of the bill.

2. **Courts** ⬅➡347—Motion to strike out answer denied, where issues raised determinable by evidence.
A motion, under equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii), to strike out an answer of an intervening party, will be denied, where the

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

questions raised by such answer are of such character that they should not be determined until all the facts are presented by the evidence.

In Equity. Suit by the Atlantic Refining Company against the Port Lobos Petroleum Corporation and another, in which Marcel Denis intervened. On motions to strike out the answer and counterclaim of intervener. Motions denied without prejudice.

See, also, 280 Fed. 934; 283 Fed. 681.

Ira Jewell Williams, of Philadelphia, Pa., and Charles F. Curley, of Wilmington, Del., for plaintiff.

Winthrop Dwight, of New York City, and William G. Mahaffy, of Wilmington, Del., for defendants.

Alexander B. Siegel, of New York City, and Andrew C. Gray, of Wilmington, Del., for intervener.

MORRIS, District Judge. Each of the original parties to this cause has filed a motion to strike out "the answer and counterclaim" of Marcel Denis, intervening party. Equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii), upon which the motions depend for their support, provides in part:

"But if an answer set up an affirmative defense, set-off or counterclaim, the plaintiff may, upon five days' notice, or such further time as the court may allow test the sufficiency of the same by motion to strike out."

[1, 2] The answer under attack contains, however, not only affirmative defenses, but also express and direct denials of crucial allegations of the bill. As such portions of the answer do not fall within rule 33 (Churchward International S. Co. v. Bethlehem S. Co. [D. C.] 233 Fed. 322; In re Fosgate [D. C.] 268 Fed. 985), and the motion is directed to the answer as a whole, and not to specific portions, it must be denied. But, apart from this, I think the questions raised by the answer of the intervening party are of such character that they should not be determined until all the facts are presented by the evidence. Churchward International S. Co. v. Bethlehem S. Co., supra; Rankin v. Miller (C. C.) 130 Fed. 229; Foster-Eddy v. Baker (C. C.) 192 Fed. 624, 626; Kansas v. Colorado, 185 U. S. 125, 147, 22 Sup. Ct. 552, 46 L. Ed. 838; Virginia v. West Virginia, 206 U. S. 290, 322, 27 Sup. Ct. 732, 51 L. Ed. 1068.

The motion to strike will be denied without prejudice to any question.