THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* TRUMAN D. TOWNSEND, Defendant.

Supreme Court, Washington County, April 4, 1929

844

*Sawyer & Gibson,* for the motion.

*Hamilton Ward, Attorney-General [William B. Zimmer, Assistant Attorney-General,* of counsel], in opposition.

HEFFERNAN, J. This action was brought under section 1222 of the Civil Practice Act to recover the sum of $2,300.37 alleged to have been obtained by defendant from the town of Hartford without right or authority of law. The complaint states, in substance, that between the 1st day of January, 1921, and the 31st day of December, 1923, defendant was the town supervisor, and that while acting as such he expended highway moneys for which he failed to account and that he duplicated credits or payments to the extent of the sum sought to be recovered.

The defendant, before answering, has moved for a judgment of dismissal pursuant to rules 106 and 107 of the Rules of Civil Practice. The motion papers disclose that defendant from January 1, 1914, to December 31, 1923, was the duly elected and acting supervisor of the town of Hartford; that on April 1, 1925, the town instituted suit against him in this court charging that while acting as such officer he received large sums of money belonging to the town for which he failed to account. The relief asked for in that action was an accounting and for judgment requiring defendant to pay to the plaintiff the amount found to be due. The various items contained in the complaint in this suit were part of the cause of action in the suit by the town. In defendant's answer in the former action, he denied all wrongdoing and alleged

that in the administration of his trust he faithfully expended and fully accounted for all funds belonging to plaintiff and that at the expiration of his term of office he paid to his successor the money in his possession belonging to plaintiff and also delivered to him all records in his custody pertaining to that office. That action was brought to trial before the late Mr. Justice ANGELL. From time to time testimony was taken on behalf of both parties. Before the case was finally submitted, Justice ANGELL died.

On April 13, 1928, the plaintiff by the adoption of a resolution of its town board decided to discontinue the action and it directed its attorneys to appear before the court and ask for a dismissal. Not only did it direct that the action be abandoned but on April 20, 1928, it executed and delivered to defendant in consideration of the sum of one dollar and other " good and valuable consideration," a release of all claims against him and particularly of " the claims and demands set forth in the action, Supreme Court, Washington County, wherein said Town of Hartford is plaintiff and said Truman D. Townsend is defendant."

The action was again on the calendar for trial at the Washington county Trial Term in April, 1928. The resolution of the town board was presented to the court and defendant's attorneys applied for an order of dismissal on the merits. Plaintiff's attorneys, although appearing, neither consented nor objected and an order was thereupon made by the presiding justice dismissing the action on the merits and final judgment was entered accordingly on the 21st day of April, 1928. No appeal has ever been taken from that judgment nor has any direct application been made to vacate or correct it.

It is very doubtful if the complaint under review states any cause of action. The People apparently are proceeding on the theory that section 1222 of the Civil Practice Act creates a cause of action which they are attempting to plead in the language of that statute. This statute does not create a new cause of action. It merely creates an additional remedy. (*People* v. *O'Brien*, 209 N. Y. 366.) This statute had its origin in chapter 49 of the Laws of 1875 and was re-enacted in section 1969 of the Code of Civil Procedure. It did not take away causes of action existing in favor of counties or municipalities. The statute recognizes and preserves the right of action in the political subdivisions of the State whose property has been wrongfully taken or received. It merely authorized the State authorities to intervene and enforce causes of actions against offending parties which had accrued to certain subordinate political divisions of the State to recover property which had been taken or obtained from them without right. The State in the litigation when it brings suit, acts as the representative of the

municipalities to establish their rights. It recovers on a cause of action existing in their favor and the moneys when collected are to be delivered to the parties entitled to them. (*People* v. *Wood*, 121 N. Y. 522.) Thus it was said in *People* v. *N. Y. & M. B. R. Co.* (84 N. Y. 565): " The main object of the act, as is evident, was to give an additional remedy for the plundering of municipalities by faithless and venal officials." Prior to the act of 1875, it had been decided that no right of action vested in the people of the State for the recovery of moneys illegally obtained from municipalities. (*People* v. *Ingersoll*, 58 N. Y. 1; *People* v. *Tweed*, 63 id. 202.) The act in question was then passed to provide a new remedy against the fraud and illegal acts of public officers.

Defendant contends that the release and judgment constitute a bar to the maintenance of this action. The only question raised with reference to the release is an allegation in the affidavit of plaintiff's counsel, " that deponent verily believes and upon information and belief is informed that the alleged release heretofore referred to in defendant's motion papers was procured without adequate consideration and by collusion and is null and void and of no force and effect in this action." This affidavit fails to give the source of affiant's information or the grounds of his belief and is ineffectual to create an issue. (*Matter of Whitman*, 225 N. Y. 1.) The instrument in question is under seal and acknowledged. Consequently a sufficient consideration will be presumed. At common law a seal obviated the necessity of any consideration. This release expresses full consideration. A release may only be impeached for fraud, mistake or duress. Plaintiff's papers are devoid of the slightest proof of any of these elements. Mere inadequacy of consideration, however, is not sufficient to warrant the setting aside of a release unless it be so gross and palpable as of itself to supply presumptive evidence of actual fraud. When a releasor receives all he contracts for, the courts will not hold the price inadequate and avoid his release on that ground, for the contracting parties, not the courts, must fix the *quid pro quo*. (34 Cyc. 1053.)

The effect of the judgment is questioned on the ground that it did not determine this cause of action and that it was not on the merits. The contention that the questions to be adjudicated here were not determined in the prior action is without merit. This action is to recover moneys misappropriated during the years 1921 to 1923, inclusive. The former action was to recover any and all moneys misappropriated by the defendant during the years 1914 to 1923, inclusive. The argument that the former judgment was not on the merits cannot be sustained. The judgment itself recites

that it was on the merits. The judgment was rendered by a court having jurisdiction. It has long been settled by adjudication that a judgment or decree of a court which has jurisdiction of the parties and the subject-matter, unless reversed or annulled in some proper proceeding is not open to attack in any collateral proceeding except for fraud in its procurement. (*Shaul* v. *Fidelity & Deposit Co. of Maryland*, 131 Misc. 401; affd., 224 App. Div. 773; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340; *Mayor, etc., of N. Y.* v. *Brady*, 115 id. 599; *Krekeler* v. *Ritter*, 62 id. 372; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609; affd., 243 N. Y. 540.) In the concurring opinion of Mr. Justice VAN KIRK in *Hollenbeck* v. *Ætna Casualty & Surety Co.* (*supra*), he said: " Relief from that judgment could only be had by appeal or by motion to correct the judgment." The rule that judgments may not be attacked collaterally applies also to judgments by consent. (*White* v. *Bogart*, 73 N. Y. 256.) Even if it be assumed that the former judgment is erroneous, it is not subject to collateral impeachment and must be respected until set aside. (*Shaul* v. *Fidelity & Deposit Co. of Maryland, supra.*) Certainly that judgment may not be vacated in this litigation. The statute (§ 1223) prescribes that only interlocutory decrees may be set aside in actions brought by the People under section 1222.

The People earnestly urge that they have the right to attack the judgment collaterally for fraud or collusion. The correctness of that assertion is not questioned. The difficulty is that their criticism is not founded on either of these grounds. Their opposition is based solely on the claims that the judgment is upon a different cause of action and is not upon the merits. Nowhere except in their brief, have they suggested fraud. To succeed here, they must avoid both the release and the judgment. In each instance they have failed. It logically follows that the motion must be granted and the complaint dismissed, with costs.