**LLOYD SABAUDO SOCIETA ANONIME PER AZIONI v. ELTING, Collector of Customs.**

District Court, S. D. New York.
Nov. 11, 1930.

See also 45 F.(2d) 405.

Robert E. Manley, U. S. Atty., of New York City, for plaintiff.

Gaspare Cusumano, of New York City, for defendant.

COXE, District Judge.

This motion challenges the sufficiency of the answer in this case on the ground: (1) That the denial by the defendant of knowledge or information sufficient to form a belief as to certain paragraphs of the complaint is frivolous; and (2) that no issue is raised by the remaining denials. The relief sought is judgment on the pleadings in favor of the plaintiff.

The action is to recover fines and passage money refunds, and the complaint contains seven causes of action, each alleging facts with respect to the transportation and exclusion of a particular alien.

The first cause of action concerns one Messina, an alien brought to this country on the steamship Conte Verde belonging to the plaintiff. In paragraphs 4 and 5 it is alleged that the alien was ordered deported because not complying with section 13(a) of the Immigration Act of 1924 (8 USCA § 213(a), but was subsequently admitted and the previous order of exclusion withdrawn; that, notwithstanding such admission, the plaintiff was served with a notice to show cause why

it should not be fined $1,000 for bringing the alien to the United States, and given 60 days within which to submit evidence and be heard in opposition. The answer denies knowledge or information sufficient to form a belief as to the allegations of these two paragraphs.

The same form of denial is used with respect to the sixth paragraph of the complaint. This paragraph alleges that in response to the notice of the proposed fine, a protest was filed with the Secretary of Labor, and evidence was submitted to show that the fine should not be imposed. It is further alleged that the evidence thus submitted "and the files and records of the Bureau of Immigration, Department of Labor, in this case establish" that the alien was an Italian born infant, about three months old, and in the company of her mother; that the mother held an immigration visa, to which was attached a photograph of the mother and child under the seal of the American Consul at Palermo, a single visa covering both persons; and that the alien was ultimately admitted by the Secretary of Labor as within the quota.

The answer also denies on information and belief the allegations in the ninth and tenth paragraphs of the complaint, alleging in general terms that the plaintiff was not liable to fine for bringing the alien to this country, and neither knew nor could have "ascertained by the exercise of reasonable diligence" that the alien was inadmissible.

These denials, as above summarized, are fairly typical of the other portions of the answer relating to the remaining six causes of action, and they well illustrate the general character of the entire pleading.

It is settled by abundant authority that denials of knowledge or information sufficient to form a belief, which relate to matters of public record, open by law to everybody, are presumptively frivolous, Harley v. Plant, 210 N. Y. 405, 411, 104 N. E. 946; Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328; Buller v. Sidell (C. C.) 43 F. 116; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; 49 Corpus Juris, 195.

In Dahlstrom v. Gemunder, supra, the action was for an alleged breach of warranty. One of the defenses was that a prior litigation for the same cause had resulted in a judgment which had been satisfied. The reply of the plaintiff alleged that he had no knowledge or information sufficient to form a belief as to the satisfaction of the judgment. Judge Hiscock said at page 454 of 198 N. Y., 92 N. E. 106, 108, of the opinion:

"It is quite incredible that plaintiff should have had no knowledge concerning the termination of his lawsuit, and equally inconceivable that, after the lapse of two years, he should neither have received nor sought information on this subject. Furthermore, the matters alleged were largely of record, and means of information concerning their existence was within the control of plaintiff, and the truthfulness of the allegations a subject of convenient and ready determination. Under such circumstances, it was not permitted to him to make a bald and unexplained denial of any knowledge or information. A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head and close his eyes and ears for the purpose of avoiding knowledge and information, and of enabling him to make a denial thereof."

Manifestly, all of the data relating to the exclusion, deportation, or ultimate admission of the different aliens mentioned in the complaint was and now is under the direct control of the government, either in the minutes of the hearings before the respective boards of special inquiry or in the papers submitted by the plaintiff to the Department of Labor, in opposition to the proposed fines. The defendant, having acted as an official of the government in the collection of the fines, was entitled to have access to the records which disclosed the facts upon which the fines were based, and as a matter of law must be presumed to have had knowledge of those facts. North German Lloyd v. Elting (D. C.) 43 F. (2d) 203, 1930 A. M. C. 1772, 1775.

It was stated by the government's counsel on the argument of the motion that it would be a most arduous task to make a comprehensive and accurate answer to the different allegations contained in the complaints in the many actions brought to recover fines similar to those imposed in this case. In these times of congested calendars and slothful justice, such an excuse is untenable. If the fines collected from the plaintiff were improperly imposed, it is as much to the interest of the government as of the plaintiff that the case be determined promptly and without the complication of unnecessary issues. An answer should not be interposed which inevitably must retard the trial and prevent an expeditious determination of the merits of the controversy. The court calendars are already cluttered with many such cases and they seriously interfere with the disposition of other cases of equal or greater importance.

The motion to strike out the answer as frivolous and sham is granted, with permission to the defendant to amend by the service of a proper pleading within ten days after the service of an order on this motion, the case to retain its place on the calendar.