**STEPHENS FUEL CO., Inc., et al. v. BAY PARKWAY NAT. BANK OF BROOK-LYN, N. Y., et al.**

No. 7046.

District Court, E. D. New York.

April 2, 1935.

Karl Propper, of New York City, for plaintiff Stephens Fuel Co., Inc.

Walter Jeffrey Carlin, of New York City, for plaintiff Lafayette Nat. Bank.

Reuben B. Shemitz, of New York City, for defendant Bass.

Kraditor & Sherr, of New York City, for defendants Dashow.

Kotzen, Mann & Siegel, of New York City, for defendant Siegel.

David M. Berger, of New York City, for defendant Greenspan.

Benjamin Krauss, of New York City, for defendants Nevens.

Newman, Hauser & Teitler, of New York City (Samuel L. Teitler, of New York City, of counsel), for defendant Draisin.

Irving W. Young, Jr., of New York City, for defendant Jones.

Max Rockmore, of New York City, in pro. per.

Sydney L. Goodman, of New York City, for defendant Goodman.

Henry Uttal, of New York City, for defendant Riehl.

Simon Sverdlik, of New York City, for defendant Heller.

Benjamin Solovay, of Brooklyn, N. Y., for defendant Brill.

GALSTON, District Judge.

This is a motion made pursuant to Equity Rules 29 and 33 (28 USCA § 723) to strike out answers interposed by a number of defendants on the ground of insufficiency in law and equity and on the further ground that the answers are sham and frivolous.

The suit is in equity brought by the Stephens Fuel Co., Inc., as a judgment creditor, on behalf of itself and all other creditors of the Bay Parkway National Bank of Brooklyn similarly situated, to enforce the statutory liability of the stockholders of the Bay Parkway National Bank under and by virtue of the provisions of the National Banking Act, title 12, c. 2, § 65, U. S. Code (12 USCA § 65). That section reads: "When any national banking association shall have gone into liquidation under the provisions of section 181 of this title, the individual liability of the shareholders provided for by section 63 of this title may be enforced by any creditor of such association, by bill in equity, in the nature of a creditor's bill, brought by such creditor on behalf of himself and of all other creditors of the association, against the shareholders thereof, in any court of the United States having original jurisdiction in equity for the district in which such association may have been located or established. (June 30, 1876, c. 156, § 2, 19 Stat. 63.)"

It appears from the complaint that on March 31, 1931, the Bay Parkway National Bank entered into an agreement with the Lafayette National Bank for the payment by the latter bank of the claims of certain creditors of the Bay Parkway Bank, and the Lafayette Bank assumed the payment of the obligations of the former. In consideration thereof, the Bay Parkway Bank executed and delivered to the Lafayette Bank its note in the aggregate amount of the liabilities of the Bay Parkway Bank assumed by the agreement and for the purpose of securing that note the Bay Parkway Bank assigned all of its property to the Lafayette Bank.

On September 29, 1931, the plaintiff, the Stephens Fuel Co., Inc., in an action against the Bay Parkway National Bank recovered a judgment in the sum of $3,410.86. Execution was issued and the judgment returned wholly unsatisfied on January 8, 1932, and remains wholly unsatisfied.

The indebtedness to the Stephens Fuel Company was not one of those which the Lafayette Bank assumed and agreed to pay.

The defendants are stockholders of the Bay Parkway National Bank and were the owners and holders of shares of stock, and

are sought to be held for the payment of the claim of the plaintiff and other creditors similarly situated to the extent of the amount of their stock at the par value thereof.

The agreement between the two banks was entered into subsequently to the adoption of a resolution by the board of directors of the Bay Parkway National Bank and its shareholders owning more than two-thirds of the capital stock of the Bay Parkway National Bank issued and outstanding, and it is alleged was an agreement for the voluntary liquidation of the Bay Parkway National Bank.

■■■ The answers set forth many denials, the most critical of which relate to the recovery of the judgment by the Stephens Fuel Co., Inc., against the Bay Parkway National Bank, the issuance of execution thereon, and to the fact that the judgment remains wholly unsatisfied.

The plaintiffs, relying on Equity Rule 33, seek to have these denials stricken out.

Equity Rule 33 (28 USCA § 723) is as follows: "Testing Sufficiency of Defense. —Exceptions for insufficiency of an answer are abolished. But if an answer set up an affirmative defense, set-off or counter-claim, the plaintiff may, upon five days' notice, or such further time as the court may allow, test the sufficiency of the same by motion to strike out. If found insufficient but amendable the court may allow an amendment upon terms, or strike out the matter."

It will be perceived that the relief is specifically limited to the striking out of affirmative defenses, set-offs and counter-claims. The rule remains silent as to negative defenses.

Judge Morris, in Atlantic Refining Company v. Port Lobos Petroleum Corporation et al. (D. C.) 283 F. 701, in interpreting this rule, held that such portions of the answer as set forth direct denials of crucial allegations of the bill do not fall within the rule.

I can interpret the rule in no other way. However, it is asserted that the denial of the existence of this judgment should be stricken out as sham and frivolous on the ground that it is well settled that denials of knowledge or information sufficient to form a belief which relate to matters of public record, open by law to everybody, are presumptively frivolous. Harley v. Plant, 210 N. Y. 405, 104 N. E. 946; Lloyd

Sabaudo Societa Anonime Per Azioni v. Elting (D. C.) 46 F.(2d) 315. A sufficient answer to that is that the denial goes not to the existence of the judgment, but to the averment that it was "duly entered."

■■■ While it is true that the general rule is that a judgment cannot be attacked collaterally, as was said in Ackerman v. Tobin (C. C. A.) 22 F.(2d) 541, nevertheless a different situation arises if the attack is for fraud in its procurement. People v. Townsend, 133 Misc. 843, 233 N. Y. S. 632. The answers of many of the defendants, for example, those of the defendants Nevens, Goldstein, Rifko, and Shuff, allege that the directors of both banks wrongfully and unlawfully permitted the Stephens Fuel Company to maintain the suit, put in no answer or defense, and wrongfully and unlawfully prevented stockholders of the Bay Parkway National Bank from defending the suit, and wrongfully and unlawfully permitted the plaintiff to obtain a judgment. This presents a serious affirmative defense and falls within the exception to the rule that a judgment cannot be attacked collaterally. It would seem to be a monstrous thing if the defendants in this equity suit were to be subjected to the rigid penalties enforceable against stockholders of national banks without being afforded an opportunity of establishing whatever rights they believe they have. The right set forth is one of substance. Indeed, it appears so from the mere reading of the complaint. The Bay Parkway National Bank agreed to assign all of its property of every nature and description to the Lafayette Bank in consideration for the assumption by that bank of an agreement to pay the claims of certain creditors. It does not appear why other creditors of the bank were not included in the obligation and how it was purposed to take care of such group of creditors in view of the transfer by the bank of all of its assets. These are matters that the stockholders are well justified in examining into and which doubtless they desire to examine into in connection with their denial that the judgment of the Stephens Fuel Co., Inc., was duly obtained.

■■■ Finally it may be observed that the Conformity Statute does not apply to the pleadings in this cause. U. S. Code, title 28, § 724 (28 USCA § 724), in terms, excepts equity and admiralty causes.

Upon a reading of the pleadings, I think the defendants should have their day in

court and accordingly the motion to strike out the answers is denied.

Settle order on notice.