Joseph M. Conroy, J.
Motion by defendant for an order vacating plaintiff’s notice of examination before trial. Cross motion by plaintiff for an order striking from the answer the denials contained in paragraph 1 as frivolous and the affirmative defenses in paragraphs 5, 6, 7 and 8 as “ irrelevant, redundant and insufficient
Of the various arguments urged by defendant in support of its motion, only one merits consideration. Defendant is a Delaware corporation having its principal place of business in Chicago and authorized to do business in New York. Plaintiff, suing for breach of contract, seeks to examine the defendant by its president, who resides in Illinois and who allegedly has no *227 knowledge of the transaction upon which plaintiff sues. Under the circumstances, the motion to vacate the notice of examination is granted, without prejudice to an application to examine the defendant by its president or any other employee in Chicago on written interrogatories or by an open commission. (Droogas v. Droogas, 1 A D 2d 965.)
In paragraph 1 of its answer, defendant denies knowledge or information sufficient to form a belief as to each allegation contained in paragraphs Third and Tenth to Nineteenth inclusive of the complaint. Plaintiff contends that the allegations in question are matters of public record.
In paragraph Third of the complaint, plaintiff alleges that lie owns a parcel of real property at Oakdale, New York. The record title would not be conclusive of ownership and defendant’s denial of knowledge or information respecting this allegation is proper.
In paragraph Tenth, plaintiff alleges a discussion had by him with officials of the Town of Islip. This is not a matter of record and the denial is proper.
In paragraph Eleventh to Nineteenth inclusive, plaintiff alleges the publication on August 14, 1957 of a notice of public hearing to consider rezoning of plaintiff’s property, the holding of a public hearing on August 22, 1957, the adoption on October 22, 1957, of changes in the zoning of plaintiff’s property, the adoption on December 3,1957, without public notice, of a zoning resolution which in effect rescinded the changes of October 22, 1957, the commencement by plaintiff of a special proceeding in the Supreme Court, Suffolk County, to annul the resolution of December 3,1957, the granting of a stay in that proceeding, the hearing of the proceeding, the decision in plaintiff’s favor reported in 11 Mise 2d 3, and the order thereon.
These are matters of public record and defendant’s denial of them is frivolous. (Harley v. Plant, 210 N. Y. 405.)
The two affirmative defenses of the Statute of Frauds alleged in paragraphs 5, 6, 7 and 8 of the answer are properly pleaded. (Civ. Prac. Act, § 242.)
Plaintiff’s motion is granted to the extent of striking out the denials of paragraphs Eleventh to Nineteenth inclusive of'the complaint and in all other respects denied. Settle order.