(53 Misc. Rep. 101)

### CASEY v. CONNORS BROS. CONST. CO. et al.

(Supreme Court, Special Term, Onondaga County.  February, 1907.)

MECHANICS' LIENS—INDEMNITY AGAINST LIENS.

    The sureties on an undertaking given to discharge a mechanic's lien, under Lien Law, Laws 1897, p. 523, c. 418, § 20, and conditioned to pay any judgment which may be recovered in an action to enforce the lien, are not liable, unless the judgment establishes the validity of the lien.

Action by Michael Casey against the Connors Bros. Construction Company and the United States Fidelity & Guaranty Company of Baltimore. The defendant guaranty company demurred. Demurrer sustained.

Curtin & Lee, for plaintiff.

L. N. Southworth, for defendant demurring.

ANDREWS, J.  The complaint clearly does not state facts sufficient to sustain an action for the foreclosure of a lien, or to establish its validity. It shows that the claim of the plaintiff is based upon work done for the construction of a public improvement, and that the notice was not properly filed. Yet as against the Connors Bros. Construction Company, the original contractor, the plaintiff may recover judgment for such sums as may be due him. Terwilliger v. Wheeler, 81 App. Div. 460, 81 N. Y. Supp. 173.

The notice in question was filed with the county clerk. Thereupon the United States Fidelity & Guaranty Company, as surety, for the purpose of discharging such lien, executed an undertaking conditioned for the payment of "any judgment which may be recovered in an action to enforce the lien." Concededly, in cases not involving public improvements, where a lien is discharged upon an undertaking conditioned, as the statute provides, "for the payment of any judgment which may be rendered against the property for the enforcement of the lien," if the lien is not established, no recovery may be had against the surety. Lien Law, Laws 1897, p. 523, c. 418, § 18.

The language of section 20 is not the same, but it differs only in so far as circumstances compel a variation. In the case of public improvements, no judgment against the property is obtained. The lien is enforced by recourse solely to the fund which may be due from the municipal corporation. So in the latter case the lienor is to be assured the payment of a judgment recovered, not against the property, for that is impossible, but in an action to enforce the lien. But the judgment must be in such an action. This is the undertaking. It is not that the lienor shall be paid whatever he may recover in an action on contract, but what he may recover in an action to enforce the lien.

If the complaint does not state the requisite facts to enable the plaintiff to foreclose his lien, or to establish it, it is not an action to enforce a lien. Whatever the complaint may state, if the plaintiff fails to prove the requisite facts, it is not a judgment in such an action, although section 3412, Code Civ. Proc., may allow a money judgment to be obtained. A judgment "in an action to enforce a lien" does not mean a judgment that no lien exists, but that the plaintiff is entitled

to a money judgment because of breach of contract on the part of some defendant. It means a judgment that a valid lien exists.

None of the cases cited by the plaintiff conflict with this view. They all, as, for example, McDonald v. Mayor, 113 App. Div. 625, 99 N. Y. Supp. 122, arose under a statute applicable to New York City, where the condition of the undertaking was that the surety "should pay any judgment recovered in an action upon the claim or demand specified in said notice of lien."

There is one case, however, squarely in conflict with the views above expressed. It is Hawkins v. Mapes-Reeve Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794. In an action against the contractor on a public improvement and his surety it was held that the lien was void. Still judgment could be recovered against the contractor. The surety had inadvertently given an undertaking in the form mentioned in the last paragraph, although the present lien law has been in force for some months. The court said that this bond should be construed as a substantial compliance with the lien law as it existed at the time. "There is no material difference between the phraseology of this bond * * * and the undertaking required by the lien law. * * * The one was an absolute condition to pay any judgment recovered in an action upon the claim or demand specified in the notice of lien against the contractor, and the other to pay any judgment recovered against the contractor in an action to enforce the lien; but, since section 3412 of the Code of Civil Procedure at the time of the last enactment permitted the recovery of a personal judgment against the contractor in an action to enforce the lien, even though the lien be invalid, the bond must be deemed to have been made with reference to such a recovery." Two of the five justices dissented, and an appeal was taken to the Court of Appeals. It is there reported in 178 N. Y. 236, 70 N. E. 783. The judgment below was affirmed, but on the ground that the lien was a valid one; and the court expressly refused to determine that the Appellate Division was correct with regard to the effect of the Code.

The question seems to be, therefore, still an open one. This being so, I am of the opinion that a lienor may not recover of one who has become a surety under section 20 of the lien law, unless he both alleges and proves that the lien discharged by virtue of the undertaking was a valid lien. It follows that the demurrer herein must be sustained. An order to that effect may be entered, such order to be settled before me on proper notice.

Demurrer sustained.