(58 Misc. Rep. 379.)

In re HURWITZ et al.

(Supreme Court, Trial Term, New York County. March 1908.)

MECHANICS' LIENS—FILING UNDERTAKING—CANCELING LIEN.

After the filing of an undertaking under Lien Law, Laws 1897, p. 523, c. 418, § 18, subd. 4, and the entry of an order canceling the lien, an ex parte order continuing the lien for one year and ordering the redocketing of the same will be vacated on motion.

Application by Louis Hurwitz and others for an order continuing a lien against the property of one Joel Marks. Motion to vacate granted.

Louis Scheuer, for lienors.

Bernard H. Arnold, for owner.

LEVENTRITT, J. On November 15, 1906, a mechanic's lien was filed against premises Nos. 2308 and 2310 Seventh avenue, in this city. On November 30th following this lien was discharged by the filing of an undertaking pursuant to the provisions of subdivision 4 of section 18 of the lien law (Laws 1897, p. 523, c. 418), and an order was thereupon duly entered canceling the lien, with a direction to the county clerk to cancel and discharge the same of record. On or about November 15, 1907, the lienors obtained an ex parte order continuing the lien for a period of one year and directing the county clerk to redocket the

same. The owner of the premises now moves to vacate the last-mentioned order.

The order was unauthorized. Upon the entry of the order permitting the filing of the undertaking and the filing thereof the lien was discharged and the premises became released therefrom. The undertaking was substituted for the lien, and the lienor had one year within which to bring his action to recover a judgment on the claim contained in the notice of lien. Uris v. Brackett Realty Co., 114 App. Div. 29, 99 N. Y. Supp. 642. When the order to continue the lien was entered there was no lien to continue. The statute contemplates the continuance of an existing and undischarged lien. Furthermore, there is no warrant for redocketing a lien against premises which have once been released therefrom. The lien is dead, and life cannot be infused into it by an order of continuance. There are intimations in some cases that such a lien may be continued (Matter of Thirty-Fifth St. & Fifth Ave. R. Co., 121 App. Div. 625, 106 N. Y. Supp. 390), but no such rule has been promulgated. Moreover, the order under consideration extended the obligation of the sureties on the undertaking without notice to them. Motion to vacate order granted.

Motion granted.