> Lien Law (Laws 1897, p. 522, c. 418) § 16, limits the existence of a lien to one year, unless action thereon is begun within that time, or unless an order is granted continuing the lien; and section 18, subd. 4, provides for the discharge of a lien on filing an undertaking conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien. A mechanic's lien was filed April 17, 1907, and was discharged by filing an undertaking in May, 1907, and a subsequent order continuing the lien for a year was made April 4, 1908. *Held*, that an action to enforce the obligation of the sureties, in form an action to enforce the lien, was maintainable more than a year after the lien was filed, in view of the order continuing the lien.

> [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 260.*]

Appeal from Special Term, New York County.

Action by John J. Kelly against the Highland Construction Company and others. From an order denying a motion for judgment on the pleadings, defendants appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Abraham Rosenstein, for appellants.
Howard T. Cole, for respondent.

INGRAHAM, J. The action was brought to foreclose a mechanic's lien which was filed on April 17, 1907, and which had been discharged by filing an undertaking on May 22, 1907. On April 4, 1908, an order was entered continuing the lien for one year, and on January 13, 1909, this action was commenced. The ground of the motion is that the action was not commenced within one year after the lien was filed.

The lien law (section 16, c. 418, p. 522, of the Laws of 1897) provides that:

"No lien specified in this article shall be a lien for a longer period than one year after the notice has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed, * * * or unless an order be granted within one year from the filing of such notice by a court of record, continuing such lien."

Section 18 of the act provides for the "discharge of lien generally," and it provides that a lien may be discharged (subdivision 2) "by a failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien," and (subdivision 4) "either before or after the beginning of an action by the owner executing an undertaking with two or more sufficient sureties," and "upon the approval of the undertaking by the court, judge or justice an order shall be made discharging such lien." Section 19 of the act provides that a lien specified in the article may be discharged at any time before an action is commenced to foreclose such lien by deposition with the county clerk, in whose office the notice of lien is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

filed, of a sum of money equal to the amount claimed in such notice, with interest to the time of such deposit, and upon such deposit the county clerk shall forthwith enter upon the lien docket, and against the lien for the discharge of which such moneys were paid, the words 'Discharged by payment.'"

It appears in this case that before the order continuing the lien for one year was entered an undertaking was filed, and the lien was therefore discharged under subdivision 4 of section 18. The question presented is whether, after the lien was discharged by the filing of an undertaking, the order of April 4, 1908, extended the time within which the lienor was required to commence the action. These provisions of the lien law have given rise to considerable discussion in reported cases, and a solution of this question is not free from doubt. By the filing of this undertaking the lien upon the real property was discharged, and the obligation of the surety upon the undertaking was substituted in place of and as a substitute for the lien on the land; so that before the time within which the plaintiff could commence the action to enforce the lien upon the real property the lien itself was discharged. The undertaking, however, was conditioned for the payment of any judgment which might be rendered against the property from the enforcement of the lien, and therefore the action to enforce the obligation of the sureties must be in form an action to enforce the lien, although it had been discharged as affecting the specific real property by the filing of the undertaking. The cases that have discussed the effect of a payment of money into court to secure the discharge of a lien I do not think apply, as the method by which a lienor can apply for the enforcement of the lien is quite different where money is paid into court than in a case where the lien is discharged by the giving of an undertaking.

There is no express provision in the statute which limits the time within which an action can be brought to enforce this undertaking. Upon the filing and approval of the undertaking the lien became discharged; but the obligation of the sureties was limited to the payment of the amount of any judgment which might be rendered against the property for the enforcement of the lien. So it must therefore necessarily follow that, although the property itself was released from the lien, to entitle the plaintiff to recover he must commence an action in form for the enforcement of the lien and obtain a judgment as if the lien still existed; but such judgment should then contain a provision directing the sureties to pay the amount found due upon the lien, instead of a judgment for the sale of the property, and this has been the general construction given to this statute in relation to actions where the lien has been discharged by giving an undertaking. If this be so, then it is quite clear that under section 16 the action to enforce the lien must be commenced within one year, unless the time has been extended by the order therein provided for. It would follow, therefore, that where such an order has been granted the time to commence an action was extended during the time granted by the order. This construction, I think, harmonizes both of these sections. I can find no provision in the statute which expressly limits the time within which such an action should be commenced to one year, unless section 16 be construed as

applying to an action brought to enforce the obligation of the sureties, upon the ground that the action must be one in form to foreclose the lien, and therefore section 16 applies. If any lien survived the filing of the undertaking, the order of the court was sufficient to extend it. If no lien did survive the. filing of an undertaking, then it would seem that the limitation within which the action must be brought under section 16 of the act was not applicable. The case of In re Hurwitz, 58 Misc. Rep. 379, 110 N. Y. Supp. 1105, is therefore overruled.

Either of these constructions would necessarily result in the action having been brought within the time allowed; and for that reason the order denying the defendants' motion for judgment was right, and it should be affirmed, with $10 costs and disbursements. All concur.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.