MILLIKEN BROTHERS (INCORPORATED), Plaintiff, *v.* THE CITY OF NEW YORK et al., Respondents, and JEROME A. JACKSON et al., Appellants, Impleaded with Others.

Mechanic's lien — time for filing lien dates from actual completion of work and not from date of certificate of "substantial completion" — deposit of money for discharge of lien — valid lien on primary fund must be established to justify payment out of such deposit.

Work upon an armory under a contract was accepted on behalf of defendant city "as completed," with certain reservations named in the certificate.  Subsequent to such acceptance work was done which was necessary to complete the contract.  Upon the trial of an action to fore-

close a mechanic's lien thereon to which other lienors were parties the court found that the work was "substantially completed" at the time such certificate was given. *Held*, that the time for filing liens under section 12 of the Lien Law is to be reckoned from the date of performance of the latest work under the contract regardless of acceptance or occupation by the owner.

Money deposited under subdivision 4 of section 21 of the Lien Law for the discharge of a lien is a substitute for the fund to which the lien attached until the deposit was made. A valid lien on the primary fund must, therefore, be established to justify payment out of the deposit, and it is not sufficient to authorize such payment that personal judgments have been obtained against a contractor to whom the moneys were due.

*Milliken Brothers* v. *City of New York*, 135 App. Div. 598, reversed.

(Argued January 26, 1911; decided February 7, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 26, 1910, which affirmed a judgment of Special Term declaring invalid certain notices of liens filed by the appellants herein.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas C. Ennever* for Jerome A. Jackson, appellant. The court erred in holding that the word "completed" in the statute fixing the time when the municipal liens should be filed meant "substantially completed." (*Watts-Campbell Co.* v. *Youngling*, 125 N. Y. 1; *Nichols* v. *Culver*, 51 Conn. 177; *Cole* v. *Uhl*, 46 Conn. 296; *W. B. Co.* v. *L., etc., Co.*, 12 Wash. 272; *N. S. Yards* v. *O'Reilly*, 85 Ill. 546; *Spencer* v. *Barnett*, 35 N. Y. 94.)

*William W. Robison* and *Frederick Hulse* for Patrick H. McNulty, appellant. The finding by the trial court that the armory building was substantially completed on October 8, 1906, taken in connection with the findings and evidence that there was only a qualified acceptance of the building at that time, with a reservation of a part of the contract price until final completion, does not warrant the conclusion that this

defendant's lien is invalid because filed too late. (L. 1897, ch. 418, § 12; *Spence* v. *Ham*, 163 N. Y. 220; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Smith* v. *Brady*, 17 N. Y. 773; *McK. F. S. Co.* v. *Mayor, etc.*, 13 App. Div. 231; *Vandersee* v. *Herman*, 35 N. Y. St. Repr. 778; *Mitchell* v. *Williams*, 80 App. Div. 527.)

*Charles A. Brodek* for Baker, Smith & Company, appellant. The discharge of appellant's lien by the deposit of $6,016,62, on February 28, 1907, estops the defendant Murphy Company from claiming that the appellants' notice of lien was not filed within time. (*Pierson* v. *Jackson*, 27 Misc. Rep. 425; 47 App. Div. 625; *Hawkins* v. *Mapes-Reeve Const. Co.*, 82 App. Div. 72; *McDonald* v. *Mayor, etc.*, 113 App. Div. 625; *Mertz* v. *Press*, 99 App. Div. 443; 184 N. Y. 530; *Bradley & Currier Co.* v. *Pacheteau*, 175 N. Y. 492; *Abbott* v. *Easton*, 195 N. Y. 372.) The appellant's lien was filed in time. The Lien Law presupposes both completion and acceptance. Both conditions — completion of the work and its acceptance by the municipal corporation — must exist before the thirty days' period of limitation commences to run. (*Anderson* v. *Petereit*, 86 Hun, 600; *Smith* v. *Gugerty*, 4 Barb. 614; *Smith* v. *Brady*, 17 N. Y. 173; *Phillips* v. *Gallant*, 62 N. Y. 256; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Spence* v. *Ham*, 163 N. Y. 221; *H. R. P. Co.* v. *U. T. Co.*, 43 Misc. Rep. 205; *Fox* v. *Davidson*, 36 App. Div. 159.) There being no dispute as to the facts, and the court having found that the appellant's lien was filed in November, 1906, and that work towards the completion of the contract was performed in November, 1906, this court has power on reversal to award judgment absolute to the appellant. (*Dixon* v. *James*, 181 N. Y. 129; *Benedict* v. *Arnoux*, 154 N. Y. 715.)

*Frederick R. Ryan* and *William F. McCombs* for Roebling Construction Company, appellant. The notice of lien of appellant, the Roebling Construction Company, was filed

within the statutory period, and is valid. The term "completion," as used in the Lien Law, means actual and not substantial completion. (20 Am. & Eng. Ency. of Law, 395; *Lichty* v. *Lumber Co.*, 39 Col. 53; *W., etc., Co.* v. *College Co.*, 94 Cal. 229; *Coss* v. *McDonough*, 111 Cal. 662; *Nichols* v. *Culver*, 51 Conn. 177; *Insurance Co.* v. *Shedd*, 16 App. Cas. D. C. 150; *N. S. Yards* v. *O'Reilly*, 85 Ill. 546; *Wash. Bridge Co.* v. *Land, etc., Co.*, 12 Wash. 272; *Stidger* v. *McPhee*, 15 Col. App. 252; *Pres. Church* v. *Santy*, 52 Kan. 462.) The Roebling Construction Company, having recovered personal judgment against the principal contractor, is entitled to payment out of the moneys deposited to discharge its lien, whether said lien is valid or invalid. (*Bates* v. *S. S. Nat. Bank*, 157 N. Y. 322; *M. & T. Nat. Bank* v. *Winant*, 123 N. Y. 265; *M. & T. Bank* v. *Mayor, etc.*, 97 N. Y. 355; *Hawkins* v. *Mapes-Reeve Const. Co.*, 82 App. Div. 72; *McDonald* v. *Mayor, etc.*, 113 App. Div. 625; *Pierson* v. *Jackson*, 27 Misc. Rep. 425; 47 App. Div. 625; *Mertz* v. *Press*, 99 App. Div. 443; 184 N. Y. 530; *S. Cement Co.* v. *Arnott*, 152 N. Y. 584.)

*Arnold L. Davis* for James D. Murphy Company, respondent. The thirty days after completion and acceptance of the armory building, within which notices of lien could be filed, were set running October 8, 1906. The fact that trifling items such as the installation of the marble tablet and the running of a water pipe over one of the powder galleries had not been perfected on that date is immaterial and in no way avoids either the architect's certificate or the action by the city through its armory board. The word "completion" as used in the statute means substantial completion. (*Ringle* v. *W. I. Works*, 149 N. Y. 439; *Cullen* v. *Gallagher*, 28 App. Div. 173; *Delaney* v. *Carpenter*, 62 Misc. Rep. 416.) The discharge of a lien by deposit of money or by bond does not entitle the lienor to judgment against the fund regardless of the validity of his lien. (*Casey* v. *C. B. C. Co.*, 53 Misc. Rep. 101; *P. B. & P. Mfg. Co.* v. *Wilson*, 118 App. Div.

662; *B. C. Co.* v. *Pacheteau,* 71 App. Div. 148; *Uvalde A. P. Co.* v. *City of New York,* 191 N. Y. 244.)

*Archibald R. Watson, Corporation Counsel (Theodore Connoly, Terence Farley* and *John L. O'Brien* of counsel), for City of New York, respondent.  The appellant's notices of lien were not filed in time.  (*Adler* v. *Lumley,* 46 App. Div. 229; *Donaldson* v. *O'Connor,* 1 E. D. Smith, 695; *Lutz* v. *Ey,* 3 E. D. Smith 621; *Spencer* v. *Barnett,* 35 N. Y. 94; *McMahon* v. *Hodge,* 2 Misc. Rep. 234.)

CULLEN, Ch. J.   The action was brought to foreclose a mechanics' lien upon a public improvement, to wit, an armory constructed for the city of New York.  The lienors were numerous, and all of them as well as the principal contractor, the James D. Murphy Company, and The City of New York, were parties to the action.  The respondent here is the contractor.  The appellants are several lienors who have been denied any right to payment out of the fund deposited by the contractor to discharge the liens and as a condition of obtaining payment from the city, on the sole ground that the liens were filed too late in point of time.

The trial court found that on January 26th, 1904, the respondent, the James D. Murphy Co., entered into a contract with the city of New York, by the armory board of the city, for the erection of an armory building in the borough of Manhattan for the sum of $619,532.33; that the work under said contract was prosecuted until the 8th of October, 1906, at which time the architects issued a certificate to the effect that the contractor was entitled to the amount remaining unpaid on the contract, to wit, $96,091.24, less the sum of $2,000, to be retained as a guaranty under certain provisions of the contract, and less also the further sum of $1,000 to be retained for uncompleted work, leaving the amount certified for payment at $93,091.24; that on said date the armory board adopted the following resolution:

" *Resolved,* that the Armory Board does hereby accept the

69th Regiment Armory from the contractors as completed with the reservation named·in this resolution ; that the Comptroller be authorized to pay to the James D. Murphy Com. pany, contractors, the sum of Ninety-three thousand and ninety-one and $\frac{24}{100}$ dollars ($93,091.24) for the execution of their contract for the erection of the 69th Regiment Armory in the Borough of Manhattan, being a payment in full with a reservation therefrom of One thousand dollars ($1,000) until the marble tablet, etc., are properly installed ; and a further reservation of Two thousand dollars ($2,000) as provided in the contract under paragraph ' Z,' for one year from the date of the issuance of the final certificate as a guarantee for the perfect working and efficiency of the steam heating apparatus ; that the roofs of the building shall be made tight and any defects which may appear in the entire work ; " that said certificate and resolution were delivered to the comptroller of the city ; that on November 17th the engineer in the department of finance reported to the comptroller that the electric work was defective and recommended that $3,091 be retained until such defective work should have been made good ; that thereupon the claim of the contractor was audited at $90,000, and in March following the comptroller drew his warrant for said sum.

As to the condition of the building the trial court refused to find that it was completed on the date of the certificate and resolution, but did find that it was then " substantially completed " and that shortly thereafter it was occupied by the National Guard as an armory. It also found that on that date certain plumbing work required by the contract was uncompleted, to wit, the installation of water lines over the ammunition room in the armory and that subsequently the contractor caused said water lines to be installed ; that such plumbing work consisted of about 100 feet of 2 or 3-inch pipe. The dates the respective liens of the several appellants were filed are as follows : Jerome A. Jackson, November 20, 1906 ; Roebling Construction Co., November 21, 1906 ; Baker, Smith & Co., November 22, 1906 ; Patrick H. McNulty, December

13, 1906.    It further found that between January 31st, 1905, and November 16th, 1906, the appellant Baker, Smith & Co. performed and furnished labor, work and materials to the contractor in or about certain extra work in addition to that provided for by the contract between Baker, Smith & Co. and the James D. Murphy Co., which extra work, labor and materials "were performed and furnished in conformity with the terms of and towards the performance and completion of the aforesaid contract between the said James D. Murphy Company and the city of New York * * * and were actually used in the execution and completion thereof."    On these facts the trial court decided that each of the appellants' liens was invalid because not filed within 30 days after October 8th, 1906, the date of the acceptance by the armory board, though it awarded the appellants personal judgment against the contractor for the amounts of their several liens.

Section 12 of the Lien Law provides : "At any time before the construction of a public improvement is completed and accepted by the state or by the municipal corporation, and within thirty days after such completion and acceptance, a person performing work for or furnishing materials to a contractor, his sub-contractor, assignee or legal representative, may file a notice of lien."    (Cons. Laws, ch. 33.)    Under the New York City Consolidation Act (L. 1882, ch. 410, § 1825) notice of lien was required to be filed within thirty days after the work was completed or accepted, but that statute has been repealed and the requirement of the present law is that it shall be filed within thirty days after "completion *and* acceptance."    Both these requirements, completion and acceptance, are usually questions of fact.    In this case, however, as already stated, the trial court refused to find more than a substantial completion of the contract, and the question presented to us is whether that is sufficient to set running the statutory time for filing liens.    Though there are no decisions to be found in this state on the point, it seems to have arisen in several other states, and the authorities are uniform that the time to file a lien is to be reckoned from the date of performance of the

latest work under the contract, regardless of acceptance or occupation by the owner. (*Lichty* v. *Houston Lumber Co.*, 39 Colo. 53; *Washington Bridge Co.* v. *Land & River Imp. Co.*, 12 Wash. 272; *Cole* v. *Uhl*, 46 Conn. 296; *Nichols* v. *Culver*, 51 Conn. 177; *St. Louis Nat. Stock Yards* v. *O'Reilly*, 85 Ill. 546; *Coss* v. *MacDonough*, 111 Cal. 662; *First Presby. Church* v. *Santy & Co.*, 52 Kan. 462.) In the later case from Connecticut (*Nichols* v. *Culver, supra*) the building was completed in August to such a state that the owner was able to move in and occupy it. Blinds were subsequently put on in September and in the end of December, at the request of the owner, the plaintiff did further work of very small value. The court held that the time for filing liens ran from the last item of work. It was pointed out, however, distinguishing earlier decisions of the court, that the work was done at the request of the owner, but it was said that had the plaintiff acted of his own volition to extend the time to file liens, it would have been ineffectual for that purpose. In the case before us we have the express finding that the appellant Baker, Smith & Co. performed work which was necessary to complete the principal contract of the Murphy Company with the city as late as November 16th. On this appeal the appellants are entitled to the benefit of the findings most favorable to them. Therefore, it appears that even though the work was "substantially completed," the performance of the contract had not been abandoned, but was still being prosecuted. To such a situation we think the doctrine of substantial performance has no application. In the execution of a contract for the construction of a building or of a public improvement, involving many details, there occurs a point at which performance is so nearly reached that were the work terminated, recovery might be had by the contractor for substantial performance — abatement being made to the other party for deficiencies on the part of the contractor. In such a case, if the work under the contract terminated, it may very well be that the doctrine of substantial performance would apply and the improvement be deemed complete within

the statute.   But to hold that where the work is still proceeding the acceptance of it in an incomplete state is sufficient to set running the time for filing liens would lead to unreasonable results.   The work of a sub-contractor, or the materials of a materialman, might not be done or furnished until after the lapse of thirty days from the acceptance of the work from the principal contractor, and neither would be entitled to file any lien.   This is the necessary result of the doctrine that has prevailed below, for there is but one period prescribed by the statute for filing liens applicable to all sub-contractors and materialmen, no matter when the sub-contracts were performed or materials furnished, to wit, thirty days from the completion of the work.   The learned judge who wrote for the majority of the Appellate Division was influenced in the conclusion reached by him largely by what he considered would be the practical results flowing from a rule which would allow contractors to file liens after the work had been accepted by the city.   Doubtless it is the duty of courts to give the statute a workable construction, but we do not see that reckoning the time for filing liens from the actual completion of the work would involve the dangers or difficulties suggested by him.   If the city in good faith accepted the work and paid the contract price, it could not be subjected to a second payment to any lienors, even though it should appear that the city officials were mistaken in their view that a contract had been completely performed.   While, on the other hand, a rule that acceptance on substantial performance of the work, though the work is still going on, fixes the time from which the thirty days should be computed, would place in jeopardy the rights of sub-contractors or materialmen whom it was the design of the statute to protect as against the contractor.

The view we have taken is further supported by the provision of the charter (§ 421) which provides : " It shall be the duty of any borough president, or head of any department, having in charge any work, within five days after the acceptance of such work, to file with the comptroller a final certifi-

cate of the completion and acceptance thereof, signed by the chief engineer or head of his department.   The filing of such certificate shall be presumptive evidence that such work has been completed according to contract." From this it would appear that the certificate of completion and acceptance is only presumptive, not conclusive, evidence of completion.   It may also be said that in this case the certificate of the armory board shows that the work was not completed, the contractor having failed to install the tablet, and that the sum of $1,000 was directed to be deducted, not in satisfaction of the failure of the contractor to fully perform, but as security for subsequent performance.   It also appears that by the action of the comptroller the further sum of $3,000 was retained as security for making good the electric appliances.

The appellants (other than McNulty) contend that by reason of the deposit to discharge their liens they are entitled to have the claims for which they recovered personal judgments paid out of the fund, even if their claims were invalid. We agree with the majority of the Appellate Division that this contention cannot be upheld.   Subdivision 4 of section 21 of the Lien Law provides for the discharge of a lien by the deposit of a sufficient sum of money.   In such case the sum deposited is a substitute for the fund to which the lien attached until the deposit was made.   A valid lien on the primary fund must, therefore, be established to justify payment out of the deposit.   The argument of the appellants is that subdivision 5 provides for the discharge of a lien by the execution of a sufficient undertaking conditioned for the payment of any judgment which may be recovered in an action to enforce the lien ; that section 3412 of the Code of Civil Procedure authorizes a recovery by a lienor of a personal judgment for his claim when he fails to establish a valid lien ; that had an undertaking been given to discharge the lien, the sureties would have been liable for the personal judgment, and that the liability should be the same whether the lien is discharged by a deposit or by the execution of an undertaking. In *Hawkins* v. *Mapes-Reeve Constr. Co.* (82 App. Div. 72)

the contention of the appellants so far as it relates to an action on an undertaking was upheld by a divided court. The case was affirmed in this court (178 N. Y. 236), but on the ground that the claimants' liens were valid. The court declined to pass upon the question on which the case had been decided in the Appellate Division, nor is it necessary to determine that question now. It is sufficient to say that as the various provisions of the Lien Law relating to the discharge of liens are directed towards the substitution of the fund or undertaking in lieu of the thing against which the lien attached, the substituted liability should not be greater than the original liability, unless the direction of the statute is clear and express. No such direction relating to the deposit of moneys is is to be found in the statute, whatever may be the case as to undertakings.

While some of the appellants claim that on the findings of the trial court final judgment should be awarded in their favor by this court, it is not clear that the facts may not be varied on a new trial, and it must be borne in mind that the respondent's exceptions are not before us. It is also contended by the respondent that the finding of the time during which the Baker & Smith Company's work was performed is the result of misconstruction of the effect of that finding by the trial court. Under the circumstances we think that the wiser course is to order a new trial.

The judgment should be reversed and a new trial ordered, costs to abide the event.

GRAY, HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; VANN, J., absent.

Judgment reversed, etc.