CRESCENZO SIMONELLI, Respondent, *v.* A. L. GUIDONE AND SON, INC., and Others, Defendants, Impleaded with NATIONAL SURETY COMPANY, Appellant.

Second Department, April 20, 1922.

Liens — mechanic's lien — municipal lien invalid for failure to commence action within time prescribed by statute — surety on undertaking to discharge lien cannot be held liable for personal judgment against contractor.

The surety on an undertaking conditioned for the payment of any judgment which might be recovered in an action to enforce a mechanic's lien filed against money due from the city of New York to a contractor engaged on a public improvement cannot be held liable for the personal judgment decreed against the contractor where the lien is invalid and void for failure to commence an action to enforce the same within the time prescribed by statute.

APPEAL by the defendant, National Surety Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of May, 1921, upon the decision of the court rendered after a trial at the Kings Special Term.

*William F. Kimber*, for the appellant.

*Aaron Bearman* [*Louis H. Pink* with him on the brief], for the respondent.

KELLY, J.:

This was an action to foreclose a mechanic's lien for $5,537.25 upon money due from the defendant City of New York to a con-

tractor defendant, Guidone and Son, for a public improvement. (Lien Law, § 5, added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507.) The lien was filed with the comptroller of the city of New York and in the office of the department of public charities on August 2, 1918. (Lien Law, § 12, added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507.) Thereafter the contractor as principal, and appellant National Surety Company as surety, executed an undertaking conditioned for the payment of any judgment which might be recovered in an action to enforce the lien. (Lien Law, § 21, subd. 5, added by Laws of 1911, chap. 873, as amd. by Laws of 1914, chap. 266, and Laws of 1916, chap. 507.) The action to foreclose the lien was not commenced until January 14, 1919. There was no renewal or extension of the lien. At the conclusion of the trial the counsel for the appellant National Surety Company moved for dismissal of the complaint as to it, and the record shows that the plaintiff's counsel conceded that he could not hold the appellant surety on the undertaking given to discharge the municipal lien because the lien was held to be invalid and void for failure to commence the action within the three months prescribed in the statute. (Lien Law, § 18, added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507; Id. § 21, subd. 2, added by Laws of 1911, chap. 873, as amd. by Laws of 1914, chap. 266.) The learned trial justice thereupon granted the defendant's motion to dismiss the complaint. But upon filing the decision and findings some time after the trial the learned justice held the surety company liable for the personal judgment decreed against the contractor, filing a memorandum in which he said that if he had held that the surety company was not liable upon the undertaking discharging the lien he was in error, citing *Hawkins* v. *Mapes-Reeve Construction Co.* (82 App. Div. 72). But in that case under the language of the undertaking said to have been inadvertently used, there was some ground for holding the surety liable for the personal judgment. Upon appeal the lien in that case was held to be valid and the Court of Appeals declined to pass upon the question whether the surety could be held if the lien were invalid and void. (*Hawkins* v. *Mapes-Reeve Construction Co.,* 178 N. Y. 236, 241.) And since that decision it has been uniformly decided that unless the municipal lien is valid, the surety upon the undertaking given to discharge the lien cannot be held. (*Milliken Bros., Inc.,* v. *City of New York,* 201 N. Y. 65; *Berger Mfg. Co.* v. *City of New York,* 206 id. 24; *Sexauer & Lemke* v. *Burke & Sons Co.,* 228 id. 341; *Harley* v. *Plant,* 149 App. Div. 719; affd., 210 N. Y. 405; *Casey* v. *Connors Bros. Construction Co.,* 53 Misc. Rep. 101; *Fitzpatrick* v. *Devlin,* 81 id. 556; *Clarke Co.* v.

Second Department, April, 1922.                    [Vol. 201

*Plass & Bro., Inc.,* 107 id. 723; affd. on opinion at Special Term, 187 App. Div. 904.) We think the learned trial justice was right in his original ruling on the trial dismissing the complaint as to the surety company, and that the subsequent change in the decision and findings was unauthorized.

The judgment as against the National Surety Company, appellant, should be reversed, with costs, upon the law, and the complaint dismissed, with costs, as against said appellant.

BLACKMAR, P. J., RICH, MANNING and KELBY, JJ., concur.

Judgment as against the National Surety Company, appellant, reversed, with costs, upon the law, and complaint unanimously dismissed, with costs, as against said appellant.