JOHN R. BLAIR CO., INC., Appellant, *v.* SEADCO BUILDING CORPORATION and Others, Respondents.

Supreme Court, Appellate Term, Second Department, October 11, 1929.

*Leo E. Sherman*, for the appellant.

*William P. Moyles*, for the respondents.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs and taxable disbursements to appellant, and motion denied, with ten dollars costs.

The complaint upon its face shows that the lien was assigned to the plaintiff after the execution of the statutory undertaking, the effect of which, under subdivision 4 of section 19 of the Lien Law,* is, in terms at least, to " discharge " the lien. Whether such " discharge " is similar to the like term in section 14,* which permits assignments of liens " * * * at any time before the discharge thereof " is the question presented by this appeal. By the use of the word " discharge " as found in section 14 is meant the absolute discharge or full and final discharge. (3 Words & Phrases, First Series, p. 2083; 18 C. J. 1048.) It does not include the conditional discharge or one effected by the substitution of an undertaking. The caption found in section 19 " discharge of lien generally " is inaccurate, for it does not " generally " cover discharges of lien. Other methods of discharge are provided in other sections — section 20,* by the deposit of money, and section 21,* relating to public improvement liens. Furthermore, in the five subdivisions of section 19 two of them only provide for absolute discharge. Subdivision 1, by satisfaction; subdivision 3, by order of the court for neglect to prosecute, and subdivision 5, by filing transcript of judgment in favor of owner. Subdivisions 2 and 4 are conditional on what may or may not occur in the future. In *Kelly* v. *Highland Const. Co.* (133 App. Div. 579), where a lien had been discharged by the filing of an undertaking and the lienor had thereafter obtained an order extending for one year the time within which he was required to sue, it was held that a suit to enforce the undertaking was not barred by the expiration of one year from the filing of the original lien, but may be sustained if brought within the time granted by the order.

In addition, the giving of the undertaking does not change the character of the action and the owner may still contest the existence, amount and the validity of the lien. (*Kelly* v. *Highland Const. Co., supra; Parsons* v. *Moses*, 40 App. Div. 58; *Comolli & Co.* v. *Margolies*, 130 Misc. 894; *Harley* v. *Plant*, 210 N. Y. 405.) The courts seem to have recognized that the giving of the undertaking does not actually and absolutely discharge the lien, but that " there was something substituted to which the lien attached." (*Sklar & Cohen Woodworking Co.* v. *Owen*, 177 App. Div. 796.) In addition, section 14 does not, by express words or by inference, prohibit the assignment after " discharge." The section is concerned not so much with the right to assign as with the filing of the assignment for the

---

* Amd. by Laws of 1929, chap. 515.— [REP.

protection of the owner of the property in making any payment. To hold that a lien is not assignable after an undertaking has been executed would destroy the assignability of the debt for which the lien is given, in contravention of the provisions of section 41 of the Personal Property Law.

All concur; present, CROPSEY, MacCRATE and LEWIS, JJ.