SIDNEY K. JOHNSON, Plaintiff, *v.* THE THOMAS BREEN COMPANY and Others, Defendants.*

Supreme Court, Oneida County, June, 1931.

*Ward N. Truesdell*, for the plaintiff.

*Michael J. Larkin*, for defendants The Thomas Breen Company and National Surety Company.

*John J. Bennett, Jr., Attorney-General*, for defendant State of New York.

*Weissberger & Leichter*, for defendants Keasbey & Mattison Company and J. L. Mott Co., Inc.

*Joseph A. Page*, for defendant Grimes Brothers Carting Company.

* See 235 App. Div. 653.

*Wager, Griffith & Wager*, for defendant Charles Millar & Son Company.

*Walter C. Rabenstein*, for defendants William Hoffmaster and Edward H. Talbot.

*John S. Gay*, for defendant Rumsey Pump Co., Ltd.

*David B. Lisle*, for defendant Reading Steel Casting Company, Inc.

DEVENDORF, Official Referee. May 4, 1927, the defendant The Thomas Breen Company entered into an agreement with the State of New York for certain construction work at the Rome State School for Mental Defectives. Plaintiff as a subcontractor performed certain work for the The Thomas Breen Company on this job. The company failed to pay according to its contract with plaintiff and, therefore, on the 4th day of June, 1928, he filed a notice of lien for $5,289.80 on this State fund, that being the balance as claimed by him. He rendered services and furnished materials to the amount of substantially $11,395.05 and had been paid thereon a total sum of $6,090.25, leaving unpaid and owing him the balance above mentioned. That the Breen Company owes him this amount I think has been proven.

There is a fund in the hands of the State to the credit of this matter in question of $5,949.71. The controversy here between the respective lienors is as to the distribution of this fund.

From the records of the Comptroller's office of the State it appears that the liens involved here were filed as follows: The plaintiff, $5,289.90, filed June 4, 1928; J. L. Mott Co., Inc., $5,737.36, filed February 20, 1929; Charles Millar & Son Company, $1,979.99, filed February 25, 1929; Rumsey Pump Co., Ltd., $771.70, filed March 13, 1929. The other liens mentioned in the record have been disposed of in other ways, leaving all the troubles of this action limited to the proofs and allegations of the above-mentioned lienors, excepting, however, personal judgment against the Breen Company for the amount established may be entered.

June 27, 1928, plaintiff's lien was discharged by court order based upon an undertaking for that purpose given by the defendant National Surety Company. The plaintiff, however, if he is to recover against the surety company, must necessarily prove his right to a lien upon the fund and a foreclosure accordingly. (*Simonelli* v. *Guidone & Son, Inc.*, 201 App. Div. 44, and cases cited.)

It was conceded at the trial that none of the lienors except the Rumsey Pump Company filed a notice of pendency of action. This also appears from the Comptroller's record wherein it shows this *lis pendens* was filed May 7, 1930.

The Breen Company has defaulted in payment and there is left now this sum above mentioned to pay the claims herein stated.

The difficulty with the plaintiff's position in this action is that he has failed to comply with the statute. His summons with the Breen Company, the only defendant, was served July 19, 1928, but the summons was not served on the surety company until September 10, 1929, and the other defendants were brought in during December, 1929. He also failed to file a *lis pendens* pursuant to section 18 of the Lien Law (as amd. by Laws of 1929, chap. 515), or at any time obtain and file with the Comptroller of the State or proper financial officer an order of continuance as provided by said statute. Therefore, in my opinion, the plaintiff's action upon the lien foreclosure fails. (*Bradley, etc.*, v. *Huber Co.*, 146 App. Div. 630; affd., 210 N. Y. 627; *Giant Portland Cement Co.* v. *State*, 232 id. 395.) He may, however, have a recovery as a personal judgment against the Thomas Breen Company for the amount he claims.

As to the other three liens, they were legally continued by court order or *lis pendens* and are accordingly enforcible. They are entitled to this fund in question in the order of filing unless they failed in some other respect.

The next lien to plaintiff's in order of time is that of the J. L. Mott Co., Inc., for $5,737.36 for plumbing supplies. Its claim was reduced on the trial by stipulation to the sum of $4,544.84. The subsequent lienors, Charles Millar & Son Company and Rumsey Pump Co., Ltd., attack this lien upon the ground that the Mott Company, it being a foreign corporation, failed in its notice of lien to give its place of business in this State. This it could not do because it did not have a place of business here, and in fact was not doing business in this State. It may be said, however, that the notice of lien did say it was a foreign corporation incorporated under the laws of the State of Delaware and with business address and principal place of business at Trenton, N. J. Our statute (§ 12, as amd. by Laws of 1929, chap. 515) provides that the notice shall state: " If a foreign corporation, its principal place of business within *the* state." (The italics are mine.) I am not prepared to say that " the state " should not be read " this state," but the peculiar wording of the statute may entitle the lienor to claim a substantial compliance under section 23 of the Lien Law (as amd. by Laws of 1929, chap. 515) as the statute does not require a further statement than above. I think the notice is sufficient in form whichever way we may read the statute. (§ 12.)

That a foreign corporation which has failed to obtain a certificate to do business in this State, and in fact was not doing business in this State, can file and enforce a mechanic's lien here I think is

established by authority. (*New York Arch., etc., Co.* v. *Williams*, 102 App. Div. 1; affd., 184 N. Y. 579; *Dick Sand Co.* v. *State of New York*, 137 Misc. 622.) Therefore, in my opinion, this lien is legally established and is prior to the Millar and Rumsey liens.

The liens of Charles Millar & Son Company and Rumsey Pump Co., Ltd., are legal in form, were legally continued and were proven on the trial. Therefore, they are entitled to payment from any balance on this fund that may be on hand in the order in which they were respectively filed. These lienors may also have a personal judgment against the Thomas Breen Company to the extent that their respective liens fail.

In view of the present-day statute as to liens and the equities here the fund in the hands of the State should not pay taxable costs. The J. L. Mott Co., Inc., having prevailed as to its claim on the fund, will prepare the findings, conclusions and judgment according to the foregoing memorandum and may tax its taxable disbursements only.