■ FREDERICK M. SHEHADI, Doing Business as FREDERICK M. SHEHADI ENTERPRISES, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant.—Order and judgment unanimously reversed, on the law and the facts, without costs, motion denied and action dismissed. Memorandum: Aetna Casualty and Surety Company (Aetna) appeals from a judgment recovered against it on a surety bond. The action was commenced by a motion for summary judgment in lieu of a complaint (CPLR 3213). In a related action by respondent against the M. S. A. Enterprises, Inc. (M. S. A.), reported in our memorandum decided herewith (59 AD2d 1031), respondent succeeded in securing an in personam judgment against M. S. A. for a balance due on a contract for materials and labor. Subsequent to the completion of the

services he rendered under the contract, respondent filed a mechanic's lien and M. S. A. secured a bond from Aetna to discharge the lien. After respondent entered his judgment against M. S. A., he brought the instant action on the bond. The bond provided that Aetna would "pay any judgment which may be rendered *against the property for the enforcement of said lien"* (emphasis added). Thus, respondent's recovery was predicated on the validity of the mechanic's lien which he filed. In the memorandum in *Shehadi v M. S. A. Enterprises,* we held that the lien was defective, for it had not been filed within four months from the date of "the last item of work performed and the furnishing of the materials" (Lien Law, § 10). Although the trial court in *Shehadi v M. S. A. Enterprises* found that the filing of the lien was timely, the judgment granted by the court gave no effect to that finding (with which we disagree) and provided solely for the in personam judgment for the balance due under the contract. This judgment cannot be satisfied out of the bond written by Aetna by reason of the failure of respondent to prove that he had a valid and enforceable mechanic's lien. In the circumstances the judgment was improperly granted and is therefore reversed. (Appeal from order and judgment of Onondaga Supreme Court— summary judgment.) Present—Marsh, P. J., Moule, Denman, Goldman and Witmer, JJ.