■ FREDERICK M. SHEHADI, Doing Business as FREDERICK M. SHEHADI ENTERPRISES, Respondent, v M. S. A. ENTERPRISES, INC., Appellant, et al., Defendant.—Judgment unanimously affirmed, without costs. Memorandum: Defendant M. S. A. Enterprises, Inc. (M. S. A.), appeals from a judgment, after a trial without a jury, which found that it was obligated to the plaintiff-respondent, Frederick N. Shehadi, Doing Business as Frederick M. Shehadi Enterprises (Shehadi), for the balance due on a contract to furnish and install carpeting in certain residential apartments constructed by M. S. A. The work performed by respondent included the carpeting of all apartments and hallways in two buildings, six apartments in a third building, designated C, and one apartment in a fourth building. Respondent satisfactorily installed the carpeting in the two buildings and a part of the third, but failed to complete the job in the building C because of his inability to procure the necessary additional carpet material. Respondent proved that after crediting M. S. A with payments, the balance due him was $8,387.79, for which he received judgment. The respondent filed a mechanic's lien on the premises on January 17, 1972. Appellant secured a surety bond from Aetna Casualty and Surety Company to discharge the lien. Subsequent to the instant trial an action was brought by Shehadi against Aetna to collect the amount of the judgment herein. We deal with that action in a memorandum in *Shehadi v Aetna Cas. & Sur. Co* (59 AD2d 1030). In an effort to prove that his mechanic's lien was filed "within four months after completion of the contract" (Lien Law, § 10), respondent testified that on September 17, 1971, when he visited the premises to leave his bill, he "restretched" some carpet in the "lower hall" or "bottom corridor" to remove "a wrinkle". The trial court ruled on findings submitted by both parties. Dispositive of the issue of the last day when respondent performed services is the finding that "[f]ollowing the installation of carpet by the plaintiff in part of building C, plaintiff failed to procure further quantities of carpet and *on or about August 15, 1971 plaintiff left the job site and failed to return*" (emphasis added). The trial court further found that "Bill's Carpet Service installed the carpet *in the bottom corridor of Building C*" (emphasis added). Bill's Carpet Service completed the carpeting job after plaintiff left the job site. Consequently, although the trial court found that

respondent had restretched the carpet on September 17, 1971, the carpet which was restretched was not installed by respondent. This remedial work therefore cannot be considered as work done under the terms of the original contract between respondent and appellant and was thus an insufficient basis upon which to extend the allowable time for filing the lien *(Nelson v Schrank,* 273 App Div 72, 73). It was at the most a gratuitous act of a volunteer. Having determined that the lien was not timely filed, it is unnecessary to reach appellant's other claims as to defects in the notice of lien. The trial court's judgment makes no reference to the mechanic's lien and is solely a money judgment in respondent's favor. If the trial court in its judgment had found that the lien was valid, it would have required reversal. Inasmuch as respondent proved that appellant had not paid him the balance which he claimed was due, we affirm the in personam judgment granted respondent. (Appeal from judgment of Onondaga Supreme Court—foreclosure—mechanic's lien.) Present—Marsh, P. J., Moule, Denman, Goldman and Witmer, JJ.