OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by defendant Steelco, Division of Metropolitan Steel Industries, Inc. (Steelco) and the Travelers Indemnity Company (Travelers) for an order striking the demand for a jury trial with respect to Action No. 1, is determined as set forth below.
*1021 BACKGROUND AND CONTENTIONS
The note of issue served on or about April 28, 1982, demands a jury trial of all issues in the five actions herein joined for trial. Movants contend that Action No. 1 is based on a lien discharge bond posted by Metropolitan and Travelers. The bond posted by movants provides that the obligation under the bond is for “any judgment which may be rendered against the property for the enforcement of said lien, not exceeding the sum of $115,000.” Movants assert that there can be no liability on the bond unless there is a recovery on the mechanic’s lien. Therefore, say movants, Action No. 1 is one to foreclose the mechanic’s lien, which is an equitable action and must be tried without a jury.
In opposition, plaintiff trustee in bankruptcy for Isaac-son Steel Erectors, Inc., bankrupt (Isaacson), contends that the complaint in Action No. 1 initially pleads a cause of action for work, labor and services performed by Isaacson. The complaint then goes on to assert that Isaacson filed a notice of mechanic’s lien against Steelco which was later canceled and discharged of record by the posting of a bond on which Travelers was the surety. The complaint concludes that plaintiff has performed all of the terms and conditions of the bond oh its part to be performed and demands a money judgment in the sum of $109,375.
Therefore, says plaintiff, no equitable relief of any kind is sought, Action No. 1 being solely an action to recover a money judgment.
THE LAW
In order to determine the question of whether Action No. 1 should be tried by a jury, it is necessary to ascertain the nature of this cause of action. The complaint alleges, in substance, that Isaacson performed work, labor and services and furnished materials for Steelco in the sum of $109,375; that a notice of mechanic’s lien was filed; that the mechanic’s lien was canceled and discharged of record by the posting of a bond by Travelers as surety and Steelco as principal; that the bond was substituted for the said canceled lien; that “the plaintiff is therefore bringing this action upon the said bond”; and demands judgment against the defendants in the sum of $109,375. So that this is an *1022 action upon the bond which was substituted for a canceled and discharged mechanic’s lien.
A mechanic’s lien may be discharged and the encumbrance against the real property may be released without discharging the claim itself. The Lien Law provides a method by which a conditional discharge shall release the land from the claim and shift the encumbrance to a specific fund created by a bond. (Yonkers Bldrs. Supply Co. v Luciano & Son, 269 NY 171; Blair Co., v Seadco Bldg. Corp., 136 Misc 204; Jensen, Mechanics’ Liens [4th ed], §§ 250-255.)
When the bond is substituted for the lien, theoretically the lien detaches from the land and attaches to the substitute bond. At that point, the real property is relieved of the burden of the lien and may be freely alienated. (White Plains Sash & Door Co. v Doyle, 262 NY 16.) In that event, the surety’s obligation is substituted for the security of the real estate.
While the former lienor cannot foreclose the “shifted” lien against the land, to justify payment from the bond a valid lien must first be judicially established. (Berger Mfg. Co. v City of New York, 206 NY 24; Milliken Bros, v City of New York, 201 NY 65; Matter of Cooper v Emmanuele, 25 AD2d 809.) If the lien is invalid, the bond is no longer effective. (A.L. Plumbing & Heating Co. v Kesdeit Realty Corp., 15 AD2d 546; Matter of Malafsky v Becker, 255 App Div 444; 37 NY Jur, Mechanics’ Liens, § 121.)
By reason of the above principles, the essential nature of this action on the bond is an action in equity to foreclose a mechanic’s lien. In Morton v Tucker (145 NY 244, 249), it was stated: “It is one of the proceedings provided for by the statute, and it was evidently intended that the bond should take the place of the property and become the subject of the lien in the same form and manner as is provided for in tjie case of the payment of money into court, or the deposit of securities under an order of the court after action brought * * * The action is in equity brought under the statute in which all of the persons interested, including the sureties upon the bond, are made parties. The complaint is in the usual form, with the exception that it should allege the *1023 giving of the bond and the discharging of the lien, so far as the real estate is concerned, and instead of asking judgment for a sale of the premises it should demand relief as against the persons executing the bond for the amount that should be determined to be payable upon the lien. The court then upon the trial can determine the rights and equities of all of the parties and award the final judgment contemplated by the statute.” (Emphasis supplied.)
In United States of Amer. v Certified Inds. (361 F2d 857, 860-861) the rule was clearly set forth, as follows: “After the discharge of a lien by the substitution of a bond, the action continues in form as a foreclosure proceeding for purposes of establishing the validity of the lien. Berger Mfg. Co. v. City of New York, 206 N.Y. 24, 30, 99 N.E. 153 (1912); Hall v. Carl G. Ek & Son Constr. Co., 17 A.D.2d 558, 236 N.Y.S.2d 555, 558-559 (4th Dept., 1963), aff’d, 13 N.Y.2d 825, 242 N.Y.S.2d 352, 192 N.E.2d 227 (1963). In effect, the filing of the undertaking with the clerk merely shifts the lien from the real property to the bond, thereby enabling the owner of the realty to free his property from the incumbrance of the lien. It is clear, however, that the right to recover on the undertaking is not personal. Mil-liken Bros., Inc. v. City of New York, 201 N.Y. 65, 74, 94 N.E. 196 (1911). The action remains in equity and, although the surety may be joined as a defendant for convenience sake, the plaintiff may continue his action after substitution of the bond without making the surety a party though any judgment therein will be conclusive upon the surety. Harley v. Plant, 210 N.Y. 405, 409-410, 104 N.E. 946 (1914).” (Emphasis supplied.)
Subdivision (4) of section 19 of the Lien Law states that a private improvement lien may be discharged by executing an undertaking “conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien”. If the language in the bond expands the statutory “lien shifting” language as set forth in the statute, the bond may be effective not only to discharge the lien, but also as a common-law obligation. (See Sklar & Cohen Woodworking Co. v Owen, 177 App Div 796.)
*1024 In this case, the language in the bond tracks the statutory language, namely, to “pay any judgment which may be rendered against the property for the enforcement of said lien” (emphasis supplied).
In Shehadi v Aetna Cas. & Sur. Co. (59 AD2d 1030, 1031), this language was interpreted as follows: “The bond provided that Aetna would ‘pay any judgment which may be rendered against the property for the enforcement of said lien’ (emphasis added). Thus, respondent’s recovery was predicated on the validity of the mechanic’s lien which he filed * * * This judgment cannot be satisfied out of the bond written by Aetna by reason of the failure of respondent to prove that he had a valid and enforceable mechanic’s lien. In the circumstances the judgment was improperly granted and is therefore reversed.”
CONCLUSION
Since there is no right to a jury trial in an equity action (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367; Kaufman v Brenner, 63 AD2d 692, affd 46 NY2d 787), except as specifically provided by statute, the plaintiff may not obtain a jury trial in Action No. 1.
Accordingly, defendants’ motion to strike the jury demand with regard to Action No. 1, is granted. Action No. 1 will be tried nonjury.