■ J. Castronovo, Inc., Respondent, v Hillside Development Corp. et al., Appellants, and Baker Roofing, Inc., et al., Defendants.—In an action to foreclose a mechanic's lien, in which the plaintiff moved to confirm an arbitration award dated September 6, 1988, (1) the defendant Hillside Development Corp. appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), entered March 17, 1989, which, upon confirmation of an arbitrator's award dated September 6, 1988, is in favor of the plaintiff and against it in the principal sum of $80,967.75; and (2) the defendants Hillside Development Corp. and Aetna Casualty & Surety Company appeal, as limited by their brief, from so much of an order and resettled judgment (one paper) of the same court, entered August 15, 1989, as, upon confirmation of the arbitration award, dated September 6, 1988, granted that branch of the plaintiff's motion which was to resettle the judgment entered March 17, 1989, to provide for entry of judgment against the defendant Aetna Casualty & Surety Company, and is in favor of the plaintiff and against them in the principal sum of $80,967.75.

Ordered that the appeal from the judgment entered March 17, 1989, is dismissed as that judgment was superseded by the order and resettled judgment (one paper), made upon the plaintiff's motion for resettlement; and it is further,

Ordered that the order and resettled judgment (one paper), entered August 15, 1989, is modified, on the law and as a matter of discretion, (1) by deleting the provision thereof which granted that branch of the plaintiff's motion which was to resettle the judgment entered March 17, 1989, to provide for entry of judgment against the defendant Aetna Casualty & Surety Company, and by substituting therefor a provision granting that branch of the plaintiff's motion which was for the alternative relief of severing the action against the defendant Aetna Casualty & Surety Company, and (2) by deleting the provision thereof which is in favor of the plaintiff and against the defendant Aetna Casualty & Surety Company in the principal sum of $80,967.75; as so modified, the order and

resettled judgment (one paper) is affirmed insofar as appealed from; and it is further,

Ordered that the action against the defendant Aetna Casualty & Surety Company is severed and its time to serve an answer to the amended complaint is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendant Aetna Casualty & Surety Company is awarded one bill of costs payable by the plaintiff.

In 1985, the plaintiff contractor filed a mechanic's lien with respect to certain property located in Greenberg, New York, and allegedly owned by defendant Hillside Development Corp. (hereinafter Hillside). In its amended notice of mechanic's lien, the plaintiff claimed that it was owed $216,584 for certain labor which it had performed in connection with a construction project at that location. The plaintiff subsequently commenced the instant action to foreclose on the mechanic's lien.

In July 1985, the court, upon the application of Hillside, fixed $220,000 as the amount of the undertaking needed in order to discharge the lien. A bond in this amount was subsequently issued by the defendant Aetna Casualty & Surety Company (hereinafter Aetna) and, by order dated August 22, 1985, the lien was discharged. The plaintiff later served an amended complaint, dated September 17, 1985, naming Aetna as a party defendant, and demanding, *inter alia,* a judgment in the sum of $216,584 against both Hillside and Aetna. It is not clear when or how this amended complaint was served. Aetna has not yet answered this amended complaint.

In October 1985, Hillside moved to compel the plaintiff to arbitrate its claim and for a stay of the foreclosure action. By order dated December 6, 1985, the court granted Hillside's application, referred the matter to arbitration, and stayed all proceedings in the foreclosure action "pending the outcome of arbitration". On September 6, 1988, an arbitrator made an award in favor of the plaintiff and against Hillside, which was confirmed by the court by order dated February 22, 1989. The confirmed arbitration award was subsequently incorporated in a judgment entered March 17, 1989, in favor of the plaintiff and against Hillside in the principal sum of $80,967.75.

On March 1, 1989, the plaintiff made a motion, *inter alia,* for "resettlement" of the order dated February 22, 1989, "so as to provide for entry of judgment against" Aetna, in effect,

making the arbitration award binding against Aetna as well as Hillside. In support of this motion, the plaintiff alleged that Aetna had had the opportunity to participate in the arbitration, and that Aetna's attorneys had been served with notice of the motion to confirm the arbitration award.

Hillside opposed the plaintiff's motion and cross-moved to vacate the stay of the foreclosure action. In support of this cross motion, the attorneys who represented Hillside stated that neither Hillside nor Aetna had served an answer to the amended complaint in the foreclosure action because they had been prohibited from doing so by the stay contained in the order dated December 6, 1985.

On April 21, 1989, Aetna made a cross motion to quash a certain subpoena and to stay enforcement of the judgment entered March 17, 1989. Aetna's attorney stated that, on or about March 21, 1989, the plaintiff had purported to commence an entirely new action in Supreme Court, Nassau County, to enforce the March 17th judgment against Aetna. (Aetna has apparently moved to dismiss that action pursuant to CPLR 3211 [a] [4]; however, this motion is not part of the present record.) Aetna's attorney also argued that the Nassau County action represented an attempt by the plaintiff to circumvent the requirement that it demonstrate the validity of its lien prior to seeking enforcement of the terms of Aetna's bond.

The Supreme Court, in an order and resettled judgment (one paper) entered August 15, 1989, granted the plaintiff's motion for resettlement and, upon resettlement, entered judgment in the principal sum of $80,967.75 against both Hillside and Aetna. The court denied Hillside's and Aetna's separate cross motions, and this appeal followed.

The court erred in holding that Aetna was obligated by the terms of its bond to pay the arbitration award, which was made in a proceeding (in which Aetna did not participate) against Aetna's principal. A surety on a bond given to discharge a mechanic's lien is not liable unless the lien is proved to have been valid, and the surety is free to litigate the validity of the lien whenever the lienor seeks to enforce it. In other words, a valid lien must be judicially established before a surety may be made to pay pursuant to its bond (see, Matter of Brescia Constr. Co. v Walart Constr. Co., 264 NY 260; Sexauer & Lemke v Burke & Sons Co., 228 NY 341; Berger Mfg. Co. v City of New York, 206 NY 24; Milliken Bros. v City of New York, 201 NY 65; Matter of Cooper v Emmanuele, 25 AD2d 809; A. L. Plumbing & Heating Co. v Kesdeit Realty

*Corp.,* 15 AD2d 546; *Simonelli v Guidone & Son,* 201 App Div 44; *Bernardo v Steelco,* 115 Misc 2d 1020, 1022-1023; 76 NY Jur 2d, Mechanics' Liens, § 124).

The court also erred in summarily granting judgment against Aetna in the context of an action to foreclose a mechanic's lien in which Aetna had not yet appeared. Summary judgment may not properly be granted in favor of a plaintiff and against a defendant before issue has been joined and before the defendant has been given an opportunity to assert defenses *(see,* CPLR 3212 [a]; *City of Rochester v Chiarella,* 65 NY2d 92, 101-102; *cf.,* CPLR 3211 [a], [b], [c]; *Four Seasons Hotels v Vinnik,* 127 AD2d 310; *see also, Republic Natl. Bank v Luis Winston, Inc.,* 107 AD2d 581, 582 [premature motion for summary judgment made by defendant, against plaintiff, may be treated as one pursuant to CPLR 3211 (a)]). Also, unlike the defendant Hillside, Aetna was not a party to the arbitration agreement, and did not actively participate in the arbitration. Thus, the judgment against Hillside was improperly resettled to include Aetna in the context of the plaintiff's application to confirm the arbitration award (CPLR 7510).

The plaintiff argues that Aetna defaulted in appearing in the foreclosure action and that its appeal must be dismissed. According to this argument, the court-ordered stay, which prevented Aetna and Hillside from serving an answer to the plaintiff's amended complaint expired on October 20, 1988, when the arbitrator finally denied a motion to modify his earlier award. Thus, according to the plaintiff, Aetna defaulted when it failed to serve its answer within 20 days thereafter *(see,* CPLR 3012 [a]).

The plaintiff's argument regarding Aetna's alleged default was not made in the Supreme Court and need not be entertained for this reason alone. Moreover, the present record does not furnish an adequate basis upon which to review this argument, because it cannot be conclusively determined (1) whether Aetna was ever properly served with process at all, or (2) assuming that Aetna was properly served, whether the plaintiff took the appropriate steps toward the entry of a default judgment in a timely manner *(see,* CPLR 3215 [c]).

In conclusion, we find that the Supreme Court properly confirmed the arbitrator's award insofar as it was against the defendant Hillside, and properly granted a money judgment against Hillside based upon that award. However, since Aetna is entitled to litigate the validity of the lien, the judgment

insofar as it is against Aetna, must be vacated. We modify the order and resettled judgment (one paper) accordingly. Because the appellants do not raise any issue concerning the denial of Aetna's cross motion insofar as it was to quash certain subpoenas, the order and resettled judgment (one paper), as so modified, is affirmed insofar as appealed from. Aetna must serve its answer to the amended complaint (if it has not already done so), at which time the parties will be free to litigate the procedural issues mentioned above, including whether Aetna was in technical default, whether any such technical default should be excused (CPLR 5015), and whether the plaintiff acted promptly to remedy any such default (CPLR 3215 [c]). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.