## FOURTH DEPARTMENT, APRIL, 1964

### (April 2, 1964)

■ LEHIGH VALLEY RAILROAD COMPANY, Respondent, v. CLAUDE L. PYLE, Appellant.— Judgment unanimously affirmed, without costs of this appeal to either party. Memorandum: The sole issue presented by the parties on this appeal is whether the conveyance of 1872 to plaintiff vested in it an absolute fee or a fee on special limitation. We find that an absolute fee was conveyed. (*Nichols* v. *Haehn,* 8 A D 2d 405, 409; *Corning* v. *Lehigh Val. R. R. Co.,* 14 A D 2d 156.) In affirming the decision of the trial court on this issue, we direct attention to the fact that the proposed findings and at least one conclusion of law of both parties, which were passed upon by the trial court, contain many factual findings for which there is no basis in the record on appeal or submitted exhibits. Such findings and conclusion have been disregarded by us. (Appeal from a judgment of Cayuga Trial and Special Term adjudging plaintiff to be the owner of certain real property and placing the action on the Trial Term for purposes of determining fair and reasonable rental value.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ ALBERT J. RUSCH, Respondent, v. FRANK KARPICK, Appellant.— Judgment and order and judgment of City Court of Buffalo unanimously reversed on the law, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: Concededly, the recovery in this action is based upon the negligent operation of a municipally owned vehicle by an employee of the City of Buffalo, who, at the time of the accident, was acting in the performance of his duties and within the scope of his employment. Although the City of Buffalo was not made a party to the action, it was also conceded that if sued it would be responsible to plaintiff. Section 50-b of the General Municipal Law imposes upon the City of Buffalo ultimate liability for any recovery against this defendant; consequently service of a notice of claim upon the city as required by section 50-e of the General Municipal Law is a condition precedent to the prosecution and maintenance of this action. Since no such notice was served the complaint must be dismissed. (General Municipal Law § 50-c; *Van Tassell* v. *Hill,* 285 App. Div. 584; *Feisthamel* v. *Roczen,* 273 App. Div. 937.) (Appeal from judgment and order of Erie County Court affirming a judgment of City Court of Buffalo in favor of plaintiff in an automobile negligence action.) Present — Williams, P. J., Bastow, Noonan and Del Vecchio, JJ.

■ GLENN ERICK, Respondent, v. CITY OF DUNKIRK, Defendant-Appellant and Third-Party Plaintiff-Appellant. ERICK CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent.— Order insofar as it restores the case to the calendar unanimously affirmed, without costs of this appeal to any party. In view of the fact that we have affirmed that part of the order restoring the case to the calendar, that portion of the order that deals with opening the default has become academic. (Appeal from an order of Erie Calendar Term granting plaintiff's motion to vacate a dismissal of the action for failure to prosecute pursuant to rule 12 of the Rules of the Supreme Court, Eighth Judicial District, Erie County.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.