■ CAROL L. LOMBARDI, Appellant, v MARGARET SPERA, Respondent.—In an action, *inter alia,* for specific performance of an option to purchase real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered November 20, 1987, which, after a nonjury trial, *inter alia,* dismissed her complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the trial court's dismissal of the plaintiff's action for specific performance of an option to purchase contained in a rider to a lease. The parties' dispute centers on whether the option agreement covered four lots, as the plaintiff contends, or, as the defendant contends, merely covered two of those lots. When read as a whole, there is no ambiguity in the agreement. The subject of the entire agreement was 200 Ronkonkoma Avenue, located on lot 1, and the vacant lot 2. No mention in the agreement was made of lots 1 through 4 as an entity. For the court to resort to extrinsic evidence, the ambiguity must be found in the document itself not in the parties' subjective intention, especially when the action is one for specific performance. Such being the case, no extrinsic evidence may be resorted to in an attempt to read the plaintiff's subjective intention into the agreement *(see, Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460; *Interested Underwriters v Ducor's Inc.,* 103 AD2d 76, 78; *Peripheral Equip. v Farrington Mfg. Co.,* 29 AD2d 11, 13). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.