■ CLAUDE L. PYLE, Appellant-Respondent, v ESTATE OF THOMAS G. MILLER et al., Respondents-Appellants.—Order unanimously affirmed without costs. Memorandum: Plaintiff

and defendants each appeal from an order granting in part plaintiff's motion for partial summary judgment and defendants' cross motion for summary judgment. The order declared that defendants are owners in fee of parcels bounded on the west by the low water mark of Cayuga Lake and that plaintiff is an upland riparian owner. The order also declared that plaintiff's exercise of his riparian rights may not unreasonably interfere with defendants' rights as owners of land between the high and low water marks of the lake. The court correctly interpreted the unambiguous language of the deed from plaintiff's predecessors in interest to the Cayuga Lake Railroad Company, defendants' predecessor in interest, finding that it granted to the railroad all the land to the west of the "centre line" and that the qualifier in the deed applied only to the land to the east of the center line. With respect to plaintiff's riparian rights, however, the court erred in giving collateral estoppel effect to the trial court's decision in *Lehigh Val. R. R. Co. v Pyle* (20 AD2d 954) because the issue, although present in the case and conceded by Lehigh Valley Railroad, was not an essential issue in the case and was not litigated *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455-456). However, on the merits, the court correctly found that plaintiff, as an upland owner, retained all riparian rights that his predecessors in interest had before conveying land intervening between a navigable body of water and the adjacent upland to the railroad, defendants' predecessor in interest *(see, Matter of City of Buffalo,* 206 NY 319, 329, *mot to amend remittitur denied* 206 NY 731). (Appeals from order of Supreme Court, Cayuga County, Boehm, J.—partial summary judgment.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.