■ CAROL L. LOMBARDI, Respondent, v CAMILIO R. GIANNAT-

TASIO et al., Appellants. [595 NYS2d 812] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (McCabe, J.), entered March 11, 1991, which denied their motion (a) for leave to amend their answer to assert the affirmative defenses of res judicata and collateral estoppel, and for summary judgment based on those defenses, or (b) for partial summary judgment dismissing the claims for damages set forth in subparagraphs 1 through 6 of paragraph 7 (b) of the plaintiff's supplemental bill of particulars dated June 28, 1990.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the defendants' motion which was for partial summary judgment dismissing the plaintiff's claims for damages set forth in paragraph 7 (b) (1-6) of her supplemental bill of particulars dated June 28, 1990, and substituting therefor a provision granting that branch of the motion to the extent of dismissing the plaintiff's claims for lost profits and rental income set forth in subparagraphs 1 through 4 and 6 of paragraph 7 (b) of the plaintiff's supplemental bill of particulars, and otherwise denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the defendants' argument, the Supreme Court properly denied that branch of the defendants' motion which was to amend their answer to include the defenses of res judicata and collateral estoppel. Specifically, the issue of the defendants' alleged legal malpractice, as set forth in the instant complaint, was not litigated or necessarily decided in a prior specific performance action between the plaintiff and the lessor of the subject property (see, Lombardi v Spera, 151 AD2d 649; see generally, Kret v Brookdale Hosp. Med. Ctr., 93 AD2d 449, affd 61 NY2d 861). The prior litigation in this matter (see, Lombardi v Spera, supra), only determined the number of lots covered in an option to purchase. However, the claims for lost profits and rental income set forth in paragraph 7 (b) (1)-(4) and (6) of the plaintiff's supplemental bill of particulars, are, based on this record, "as a matter of law * * * too speculative to support a recovery" (Brown v Samalin & Bock, 168 AD2d 531, 532; Mendoza v Schlossman, 87 AD2d 606). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.