■ ROYAL INSURANCE COMPANY OF AMERICA, Respondent, v CITIZENS DEVELOPERS OF ONEONTA, INC., Appellant, and DAVERMAN & ASSOCIATES, P. C., Respondent, et al., Defendant. [606 NYS2d 428] —Casey, J. Appeals (1) from an order and judgment of the Supreme Court (Ingraham, J.), entered August 25, 1992 in Otsego County, which, *inter alia,* granted plaintiff's motion for summary judgment and made a declaration in favor of plaintiff, and (2) from an order of said court, entered January 6, 1993 in Otsego County, which imposed sanctions.

Defendant Citizens Developers of Oneonta, Inc. (hereinafter CDO) is the owner of certain realty that was part of a redevelopment project in the downtown section of the City of Oneonta, Otsego County. When financial and other problems stopped the project, defendant Daverman & Associates, P. C. filed a mechanic's lien in the amount of $157,542 for architectural services against the property. Another mechanic's lienholder subsequently commenced a foreclosure action in which

Daverman moved to foreclose its lien and CDO moved to declare Daverman's lien void on the ground that Daverman had willfully exaggerated its lien. Prior to trial of that action, CDO and Daverman entered into a stipulation which acknowledged CDO's obligation to Daverman in the amount of $30,400 and required CDO to make installment payments totaling that amount to Daverman. The stipulation provided that the foreclosure action would not terminate until certain events occurred, including CDO's payment of the first installment of $10,000.

CDO failed to comply with any of its obligations and Daverman ultimately sought a money judgment for the amount due under the terms of the stipulation. CDO did not oppose Daverman's motion, but requested that the bond obtained by CDO to discharge the lien be discharged. Supreme Court denied CDO's request for relief, concluding that the bond provides a source from which any judgment in the action may be satisfied, including a judgment on the stipulation. This Court affirmed Supreme Court's denial of CDO's motion, but on a different ground. We concluded that because the foreclosure action remained pending pursuant to the express terms of the stipulation, CDO was not entitled to have the bond discharged (*Gaetano Constr. Corp. v Citizens Developers*, 175 AD2d 465).

Based upon the judgment in its favor on the stipulation, Daverman filed a claim against the bond for the judgment amount. CDO took the position that the bond could only be used to pay a judgment rendered on the mechanic's lien that had been discharged by the bond and, according to CDO, the judgment on the stipulation was a judgment on a superceding contract, not on the underlying lien. To ascertain its liability under the bond it had issued to CDO, plaintiff commenced this declaratory judgment action. On plaintiff's motion for summary judgment, Supreme Court directed plaintiff to pay on its bond the amount of the judgment obtained by Daverman on the stipulation. CDO and a bank that had issued a letter of credit in plaintiff's favor were declared to be jointly and severally liable to plaintiff for the amount paid by plaintiff to Daverman. Supreme Court also directed that a hearing be held to determine whether sanctions should be imposed on CDO and its attorney for frivolous delay. After the hearing, Supreme Court imposed a sanction of $1,000 against CDO's attorney. CDO appeals from the orders and judgment.

Supreme Court's holding in the prior action that the bond provided a source from which any judgment in the action can

be satisfied did not preclude CDO from arguing in this action that the bond could not be used to satisfy Daverman's judgment on the stipulation. Supreme Court's holding in the prior action served as the basis for its denial of CDO's motion to discharge the bond, but on CDO's appeal this Court held only that the bond should not be discharged because the foreclosure action was still pending. The question of whether the bond could be used to satisfy Daverman's judgment on the stipulation was not decided by this Court, and resolution of that issue was rendered unnecessary by this Court's conclusion based solely upon the pendency of the foreclosure action. Accordingly, Supreme Court's holding that the bond could be used to satisfy any judgment in the foreclosure action was not necessary for a resolution of CDO's motion to discharge the bond and, therefore, the holding is not entitled to any preclusive effect *(see, Lombardi v Giannattasio,* 192 AD2d 512; *Pyle v Estate of Miller,* 163 AD2d 820).

Turning to the question of whether the bond can be used to satisfy Daverman's judgment on the stipulation, we find that the bond refers to judgments against CDO's property in favor of Daverman, and the order discharging the lien describes the bond as "conditioned for the payment of any judgment which may be rendered against the property for the enforcement of [Daverman's] lien". The judgment Daverman seeks to satisfy out of the bond is not against CDO's property. It is an in personam judgment against CDO based upon a breach of the contractual obligations imposed upon CDO by the stipulation. A valid mechanic's lien must be judicially established before a surety may be made to pay pursuant to its bond *(J. Castronovo, Inc. v Hillside Dev. Corp.,* 160 AD2d 763, 765), and in the absence of such a judicial determination the in personam judgment obtained by Daverman cannot be satisfied out of the bond *(see, Shehadi v Aetna Cas. & Sur. Co.,* 59 AD2d 1030). To recover on the bond, Daverman must proceed with the foreclosure action, which is still pending, and obtain a judgment as if the lien still existed *(see, Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1031). Supreme Court, therefore, erred in concluding that the bond could be used to satisfy Daverman's in personam judgment on the stipulation. It necessarily follows that Supreme Court also erred in concluding that CDO's counsel engaged in frivolous conduct by arguing that the bond could not be used to satisfy Daverman's judgment.

The order entered January 6, 1993 must be reversed, and the order and judgment entered August 25, 1992 must be

modified to provide that plaintiff is not obligated to pay on its bond until Daverman obtains a judgment in its favor in the lien foreclosure action which judicially establishes the validity of the lien. We note that Daverman's lien was filed more than 10 years ago and plaintiff issued the bond to discharge the lien more than eight years ago. Given the inordinate delay in resolving the matter and because all of the parties are before the court in this declaratory judgment action, we find it appropriate to render a decision which will facilitate a final resolution. It is our view that by entering into the stipulation, which has not been set aside, CDO waived any claim that Daverman's lien is invalid and agreed to a lien in the amount of $30,400. For its part, Daverman also agreed to a lien in that amount and waived any claim of a lien in excess of that amount. We are also of the view that by urging affirmance of the order and judgment entered August 25, 1992, plaintiff has waived any right it might have as surety to claim that its principal, CDO, is not liable. Having determined the substantive rights of the parties, we leave it to the parties to take the appropriate procedural steps to resolve the matter.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered January 6, 1993 is reversed, on the law, without costs. Ordered that the order and judgment entered August 25, 1992 is modified, on the law, without costs, by deleting from the second decretal paragraph the phrase which reads "the judgment entered on behalf of Daverman & Associates, P. C. against Citizens' Developers of Oneonta, Inc., on January 4, 1990, in the Office of the Clerk of the County of Otsego" and substituting therefor the phrase which reads "any judgment obtained by Daverman & Associates, P. C. in the pending lien foreclosure action between Daverman & Associates, P. C. and Citizens Developers of Oneonta, Inc. which judicially establishes the validity of the mechanic's lien filed by Daverman & Associates, P. C. on November 3, 1983", and, as so modified, affirmed.